## Case No. 4,921.

Ex parte FORBES et al.

[1 Dill. 363.][1]

Circuit Court, D. Kansas. 1870.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Glick & Todd, for petitioners.
Scroggs & Sharp, opposed.

DELAHAY, District Judge. If it were necessary to a decision in this proceeding, that the jurisdiction of the state court of the subject matter in controversy, in the proceedings before it, should be inquired into, it would be sufficient, in my opinion, to refer to the case of the Kansas Indians, 5 Wall. [72 U. S.] 737, in which the supreme court of the United States, speaking of the Shawnees, says: "As long as the United States recognize their national character, they are under the protection of treaties and the laws of congress, and their property is withdrawn from the operation of state laws." There can be no question of the applicability of this language ·to the suit in Wyandotte county, as it is made clearly to appear that the Shawnees still maintain their tribal relation to the United States, and are still recognized by the government as an .Indian tribe or nation; and that the secretary of the interior never has approved the conveyances under which the petitioners claim. The deeds are entirely void until approved by that officer; and, until they are so approved, the lands of ·the ·Shawnees are as wholly beyond the jurisdiction of the state courts as if they were situated without its geographical· limits, as will be seen by reference to the peculiar provisions of the act admitting Kansas as a state. See; also, U. S. v. Ward [Case No. 16,639].

But that is not a question to be inquired into in this proceeding. The first question that it is necessary to consider, is whether a judge of a federal court has jurisdiction in the premises; and the legislation of congress, happily, has left no room for doubt upon that subject. The judiciary act of 1789 (1 Stat. 81, § 14) gave the general power to issue the writ, but, in a proviso, declared "that it in no case shall extend to prisoners in jail, unless when they are in custody under, or by color of, the authority of the United States; or are committed for trial before some court of the same; or are necessary to be brought into court to testify." The act of 1833 (4 Stat. 634, § 7) provides that the federal judges shall have the power to grant writs of habeas corpus in all cases of a prisoner or prisoners in jail or confinement, where he or they shall be committed or confined, on or by any authority or law, for any act done or omitted to be done, in pursuance of a law of the United States, or any order, process or decree of any judge or court thereof. The act of 1842 (5 Stat. 539) extended the power.to courts where aliens were confined, under state authority. The act of February 5, 1867 (14 Stat. 385), gave power to grant the writ "in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States."

To be unmistakably explicit, it will be observed that congress did not stop with providing in what cases the writ might be issued by federal courts and magistrates. Certain cases are mentioned in which it shall not be allowed, conspicuous among which is the case where the applicant is in confinement under the laws of a state, by order of a court

thereof. If he be confined contrary to the constitution and laws of the United States, the federal authorities may issue the writ. But the proofs in this case show distinctly and clearly that the petitioners were not in that category. They are in confinement, illegally perhaps, under the order of a state court, in a matter, it may be, over which it had no jurisdiction; but that does not necessarily give them access to the federal judiciary, since they can administer no relief unless the case is provided for by federal legislation. Very manifestly, this case is not such an one; I am, therefore, obliged to set aside the writ heretofore allowed, and leave the petitioners in the custody of the sheriff of Wyandotte county.

Ordered accordingly.