## Ex parte YOUNG.

### (Circuit Court, E. D. Tennessee, S. D. March 10, 1892.)

1. CONTEMPT—HABEAS CORPUS—REMOVAL OF CHILD—JURISDICTION OF STATE COURT.
   A father, directed by writ of *habeas corpus* to produce his·child before a state judge, caused the child to be removed without the limits of the state, and kept there in the custody of an agent, subject to the control of the father, for the purpose of defeating the jurisdiction of the state judge. *Held*, that the child was constructively in the possession of the father, and that the fact of its being without the state did not affect the jurisdiction of the state judge to fine and imprison the father for contempt in disobeying the writ of *habeas corpus*.

2. SAME—DUE PROCESS OF LAW.
   In such case, the fine and imprisonment were not "without due process of law," and the circuit court of the United States has no jurisdiction of a petition by the father for a writ of *habeas corpus* on that ground, whether the action of the state court in imposing the punishment was or was not erroneous.

At Law. Petition by J. W. Young for writ of *habeas corpus*. Dismissed. ·

*Lewis Shepherd* and *W. H. Bogle*, for petitioner.

*Clift & Smith*, for respondent.

KEY, District Judge. The plaintiff files his petition for a writ of *habeas corpus*, alleging that he is unlawfully imprisoned. It appears that he and his wife have separated; that they have a child, who is three years of age; and that proceedings are pending in the chancery court of the state, by which Mrs. Young seeks a divorce from her husband, and the custody of her child. February 26, 1892, the wife sued out a writ of *habeas corpus* against her husband and others from the judge of a circuit court of the state, alleging that her husband had the custody of the child; that in the divorce proceeding her husband had been attached, upon her petition, for contempt because of his disobedience to the injunction of the chancellor, and the chancellor heard the charge of contempt on the 20th day of February, 1892; that on the Friday before this hearing Young had said that he did not know how the court would decide the matter, and that he intended to run the child away, so that they could not get hold of her, provided the court should decide against him; and that in execution of his threat, and while the chancellor was hearing the matter of contempt, Young had the child removed from this state, and beyond the chancellor's jurisdiction. Upon this petition the circuit judge· issued a writ requiring Young to appear before him the afternoon following, and to bring the child with him. At the time the writ ·was returnable the plaintiff in this case, Young, made what may be styled a "partial·return," but stated that he had not been allowed sufficient time to make a full and complete return. The judge·allowed two days more. At the end of the two days 'the following order was made:

"STATE OF TENNESSEE, HAMILTON COUNTY.

"*In the Matter of the Petition of May Young* vs. *J. W. Young et als. Habeas Corpus Proceedings in the Circuit Court of Hamilton Co., Tenn.*

"In this cause the defendant, Young, having failed to comply with the order of the court to produce in court the body of Dorsey Young, as ordered in

the original writ in this cause, and having filed, on 27th February, a partial and incomplete return to the writ, and having again been ordered by the court to make a full return by 4 o'clock P. M., February 29, 1892, and to produce the body of Dorsey Young in court, (he having admitted in court that said child was held by one Armstrong, as his agent, subject to his order,) in pain of the penalties to be inflicted in accordance to law for such disobedience to the writ of *habeas corpus*, and the defendant, Young, now coming and failing to comply with the order of the court, and failing to make the return required by Mill. & V. Code, § 4494, subsecs. 1-3, and again filing an evasive return, contradictory of the previous partial and incomplete return, both under oath, and no satisfactory reason having been given for defendant's failure to bring the child, Dorsey Young, into court, and no effort to produce her having been made, and defendant still willfully refusing to comply with the order of the court in this case, it is adjudged that said Young now stand in contempt of the court, and that he be fined the sum of fifty dollars, and imprisoned in the county jail ten days, or until he purges himself of contempt by producing in court the body of Dorsey Young, or makes a return sufficient in law to relieve him from the duty; and that the further proceedings be continued until the 11th day of March, 1892, for such further order as may be proper in this case. The sheriff will, at the expiration of ten days, hold the defendant until fine is paid or secured, and bring the defendant before the court at nine o'clock A. M., March 11, 1892."

Young is confined in prison under this order, and he insists that he has been fined and imprisoned without due process of law, and therefore in violation of the constitution of the United States. It is urged that the circuit judge had no jurisdiction of the case, because the child, —the subject-matter of the litigation,—at the time Mrs. Young sued out her writ, was, and it has ever since been, outside of the limits of this state. In the determination of this cause we have no right to supervise or review the action or judgment of the state judge. If he had jurisdiction of the cause, we cannot review, reverse, or change his action, no matter how erroneous it may have been. There is no question but that the judge who issued the writ had authority over *habeas corpus* cases, and that Young was and is in the territory over which the judge presides. To this extent, at least, he has jurisdiction. The petition of Mrs. Young shows that the child was not in the state when the application for the writ was made, and that it had been removed therefrom by Young to avoid the execution of such order as the chancellor might make unfavorable to his custody of the child. The order of the circuit court of the state says that Young admitted before him that the child was held by one Armstrong as his agent, and subject to his order. Now, though the child is not in his manual possession, it is in his custody, and under his control, and he is within the jurisdiction. The case referred to, recently decided by the circuit court of appeals for the eighth circuit, in which it was held that the writ could not run to a place outside of the territorial jurisdiction of the court issuing it, is not like this. *In re Boles*, 48 Fed. Rep. 75. In that case the applicant for the writ was in the penitentiary at Columbus, Ohio, in the custody of the officers of that institution. The custodians of the prisoner were not in the jurisdiction of the court, and there was no proper defendant within the jurisdiction. I presume that in the decisions of the supreme court of

the United States there has been no case in which the parties were situated as they are in the *Young Case.* The case most like the one we have, among those referred to, is *In re Jackson*, 15 Mich. 416–442. From that case it appears that the supreme court of Michigan, under the constitution of that state, can issue writs of *habeas corpus*, and application was made in that court for such a writ in a case in which the parties were very much situated as, and the facts like, they are in this case. The court was equally divided in opinion, and the writ failed because a majority of the judges did not agree; but the judges who thought the writ should issue were COOLEY and CHRISTIANCY, so that the case is not authoritative, but the judges who believed the writ should issue are eminent, and respected for the weight of their legal opinions. One controlling reason for the opinion of the two judges who believed the court was without jurisdiction was that the law of Michigan in express terms confined its operations in such cases to persons "detained within the state." Judge COOLEY, in his opinion, says: "What I say on this subject is carefully restricted to a citizen of our own state unlawfully held in custody elsewhere by another person, who is himself within the jurisdiction of this court. If he is here, the wrong is being done here, for the wrong is done wherever the power of control is exercised." *Ex parte Forbes*, 1 Dill. 363–367, would not allow the writ in Young's favor, though all that is insisted upon by petitioner's counsel were true as to the state of the law; but that case can hardly be maintained under the scope and authority of subsequent decisions of the supreme court of the United States. The conclusion reached is that the petitioner's detention and imprisonment are not without due process of law, or in violation of the constitution or law of the United States, and his application for a writ of *habeas corpus* is dismissed.