### 10440

### SHAW v. SHAW.

#### (103 S. E. 526.)

HABEAS CORPUS — COURT ACQUIRED · JURISDICTION OF PROCEEDINGS TO ·RECOVER CHILDREN OUTSIDE THE STATE WHEN DEFENDANT PARENT SERVED—Circuit Court acquired jurisdiction of *habeas corpus* pro- ceedings by a husband against his wife to recover possession of his sons when the wife was personally served in the State and county, though sons ordered to be produced were outside State.

Before GARY, J., at chambers, Abbeville, December 8, 1919. Reversed.

Petition by Thos. W. Shaw to recover possession of his two infant children from their mother, Mrs. Bessie D. Shaw. Upon discharge of the writ of *habeas corpus* issued, the plaintiff appeals.

*Messrs. Cole. L. Blease, W. N. Graydon* and *H. S. Black-well,* for appellant, of whom *Mr. Graydon* cites : *Ordinarily a father is entitled to custody of minor children:* 73 S. C. 296; 75 S. C. 220; 54 S. C. 392; 19 S. C. (Reed). *Court here has jurisdiction although infants themselves out of the State:* 5 Crouch 622; 15 Mich. 417; Fry Spec. Performance, secs. 102, 103; 25 Barb. 532; 3 Kern. (N. Y.) 587; 16 Peters 25; 110 S. C. 491 ; 33 Ga. 195. *Domicile of child is domicile of the father:* 14 Cyc. 843. *Under habeas corpus body of person sought to be procured must actually be brought before the Court, or showing of impossibility made:* Church *Habeas Corpus* 107-8; Hurd on *Habeas Corpus,* p. 241; 10 Johns 328; 2 How. 65.

*Messrs. Simpson, Cooper & Babb* and *Richey & Richey,* for respondent, cite : *Process of State Court does not extend beyond its borders and jurisdiction fixed by place of detention:* 21 Cyc. 310; 9 Enc. Pl. & Pr. 1025; 61 L. R. A. 744; 21 How. 506. *Court powerless to enforce orders beyond border of State:* Story Conflict of Laws, sec. 539; 18 Wall. 350. *And judgment a nullity unless Court could reach children:* 39 S. C. 484; 95 U. S. 714. *Writ properly dismissed:* 9 Enc. Pl. & Pr. 1021. *Courts in State where children reside proper Courts to which to apply for relief:* 76 N. J. Eq. 313; 72 S. C. 16.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Gary made in a *habeas corpus* proceeding instituted by the petitioner-appellant, Thomas M. Shaw, to recover possession of his two children, John D. M. Shaw, about ten years old, and Franklin M. Shaw, about eight years old. The respondent, Bessie D. Shaw, is the wife of Thomas M. Shaw. The petitioner alleges that he is a citizen of Laurens county, married to the respondent, and alleges that "about two years ago that Bessie D. Shaw left your petitioner against his will, and against the will of your petitioner took said boys with her and carried them to the State of Missouri;" "that your petitioner has begged her and demanded of her that she return said boys to your petitioner, but this she has failed and refused to do."

Mrs. Shaw was in Laurens county, but left the children, and was served with process in this case. Mrs. Shaw appeared on the day appointed for a hearing, did not answer, did not traverse the petition, but made a motion to quash the writ, on the sole ground that, as the petition showed on its face that the children ordered to be produced were outside of the State, to wit, in the State of Missouri, the Court was without jurisdiction to pass any order in the proceedings.

This objection was sustained by Judge Gary and proceedings dismissed, he holding that the Court was powerless and without jurisdiction. From this order appellant appealed.

The order appealed from must be reversed. The Court acquired jurisdiction when the respondent was personally served. The children were the subject matter of the dispute. The question to be determined is whether father or mother should be awarded control. The Court clearly acquired jurisdiction when respondent was served. The order appealed from is reversed, and case remanded to Circuit Court for Laurens county for further proceedings.

Reversed.