## FIELDER *v.* SADLER *et al.*

No. 13925. JANUARY 13, 1942.

*S. T. Allen,* for plaintiff. *C. L. Redman,* for defendants.

JENKINS, Justice. 1. Under the provisions of the Code, § 50-103, a petition for habeas corpus "may be presented to the judge of the superior court of the circuit where the illegal detention exists." Illegal detention exists where the power of control is exercised; and consequently the writ may properly be directed against one who illegally detains the person of another in the county where the person exercising such illegal restraint resides, although at the time of the issuance of the writ the person detained was in another county or circuit. *Crowell* v. *Crowell,* 190 *Ga.* 501, 503 (9 S. E. 2d, 628). It is also the rule, that, "although a judge may have no authority to issue a writ directed to a person holding another in custody beyond certain territorial limits, yet where he does issue the writ thus directed, and the respondent obeys its mandate by producing into court the person detained, a plea that the court had no jurisdiction to issue the writ should be overruled and the cause of the detention inquired into." *Simmons* v. *Ga. Iron & Coal Co.,* 117 *Ga.* 305 (5) (43 S. E. 780, 61 L. R. A. 739). See *Broomhead* v. *Chisolm,* 47 *Ga.* 390, 392. This waiver, brought about by

the production of the person detained into court, would not have application, however, where his presence was brought about by recourse to the provisions of the Code, § 50-109, under which the person detained is brought into court, not by the act of the respondent, but under process directed to the arresting officer as provided in this section.

2. The writ of habeas corpus in the instant case was issued against a man and his wife, by the judge of the superior court of a circuit other than that of the residence of the respondents. While the petition alleged that the husband resided in Fulton County, where the writ was issued, and it appeared that he was served in that county, the testimony was undisputed that he as well as the wife was a resident of Butts County in another circuit, and that the alleged illegal detention was in Butts County. It further appears that the presence at the hearing of the child alleged to be illegally detained was not brought about by the act of the respondents, but was procured by the arresting officer under the Code, § 50-109. It follows, under the foregoing rules, that the judge did not err in holding that he was without jurisdiction to try the merits, and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*