BRAGASSA *v.* BRAGASSA *et al.*

No. 14743. NOVEMBER 30, 1943.

*Kelley & Hamrick,* for plaintiff.
*Howard, Camp & Tiller,* for defendants.

GRICE, Justice. ■ It was erroneous to allow a stranger to the proceedings to intervene. Mandamus is a common-law writ. *Board of Education of Madison County* v. *Fowler,* 192 *Ga.* 35 (14 S. E. 2d, 478), and cases there cited. The Code, § 81-1303, forbids the adding of a new party, unless expressly provided by law. An express provision that new parties may be made in equity cases appears in § 37-1005. *Bower* v. *Thomas,* 69 *Ga.* 47, recognizes that generally new parties may not be added by amendment to a common-law action. A habeas-corpus case is not one of the exceptions.

■ A fair construction of the judge's order is that since it appeared that the Baltimore City Supreme Court had previously taken jurisdiction of the question of the custody of the child, the judge of Fulton superior court would enter no order as to the right of either party thereto, but instead he directed that if either desired to contest the right of custody they enter Baltimore City Supreme Court for that purpose. The evidence in the record was in hopeless conflict and from a legal standpoint would have justi-

fied the court in awarding the child to the applicant or to the respondents. It is apparent to us, however, from the order as entered that the judge did not exercise his discretion. *Marion County* v. *McCorkle,* 187 *Ga.* 312 (2) (200 S. E. 285). If the trial court proceeded upon the idea that it had no jurisdiction to determine the custody of the child, either on the ground that the Baltimore court had already done so, or on the ground that neither the applicant nor the husband was a citizen of Georgia, and that the sisters of the husband, who were respondents in the writ, were merely the agents of the husband, a non-resident, the conclusion reached by the judge was erroneous, no matter on which of the two theories it may be said to rest. The ruling in *Crowell* v. *Crowell,* 190 *Ga.* 501 (9 S. E. 2d, 628), in effect held that jurisdiction of a habeas-corpus case brought by a father against the mother was properly instituted in the court where the illegal detention was had. In that case the petition was brought by the father against the mother, and it appeared that the infant at the time was in Early County, Georgia. On the hearing, however, the mother testified: "I have not given up custody or control of the boy. I just do not want to bring him back up here. I could have brought him back, but just decided I would not." It was held that the illegal detention was in fact in Fulton County, where the petition for habeas corpus was filed. Nothing decided in that case is contrary to what is here ruled. In fact that decision supports the decision now reached. According to the contentions of the applicant in the instant case her child was illegally detained from her, the place of that detention was in Fulton County, and the respondents named in the application, being residents of Fulton County, were the ones who, according to her contentions, were illegally detaining the child. This gave the superior court of Fulton County jurisdiction of this habeas corpus, notwithstanding the fact that neither the father nor the mother of the child was a resident of this State. Nor was anything to the contrary ruled in *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d, 573). In that case Mrs. Irma Drake brought habeas corpus against Mr. and Mrs. T. A. Drake for the custody of a child of the petitioner. The respondents answered that they were in possession of the child at the instance and request of Ty C. Drake, claiming no right themselves to the custody except as they exercised it under Ty C. Drake. The record of the foreign

court there dealt with was a decree in a divorce proceeding in which Mrs. Irma Drake was the plaintiff and Ty C. Drake the defendant, in which the custody of the child was awarded to Mrs. Irma Drake, the complainant. The distinction between that case and the one at bar will be readily apparent. The introduction in evidence of the former record in the *Drake* case was to show that the respective rights of the father and mother to the custody of the child had been adjudicated, and that as between the two. it was awarded to the mother, thus showing prima facie a right of the mother. The former record relied on in the instant case was merely a judgment in a case brought by a third party against the father of the child.

*Judgment reversed. All the Justices concur.*