HARRISON *v.* HARRISON.

ATKINSON, Justice.  Where a wife files a petition for divorce, alimony, attorney's fees, and custody of a minor child, and by an interlocutory order is awarded temporary alimony, attorney's fees, and custody of the child, who was in possession of the husband when the suit was filed, and where, to the suit, the husband files a plea to the jurisdiction of his

person, which at the trial term is admitted by the wife to be merito-rious, and where the wife then amends her petition by striking all pray-ers except for process and custody of the child—it was not error for the court, upon motion of the husband, to dismiss the wife's amended peti-tion, for the reason that when the wife struck her prayer for divorce the issue as to the custody of the child was eliminated, as this issue was only an incident to the divorce proceeding. *Black* v. *Black*, 165 *Ga.* 243 (4), (140 S. E. 364).

(*a*) The fact that husband, wife, and child were all present in court at the time of the amendment and motion to dismiss the wife's petition, would not convert the proceeding to one of habeas corpus.

(*b*) The case is not controlled by the rulings in *Broomhead* v. *Chisolm*, 47 *Ga.* 390; *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739); *Crowell* v. *Crowell*, 190 *Ga.* 501 (9 S. E. 2d, 628), and similar cases, as each was a habeas corpus proceeding wherein unlawful detention was a vital element, and no such element is present in the instant case.

(*c*) In view of the foregoing, it becomes unnecessary to rule upon the question of jurisdiction.

*Judgment affirmed. All the Justices concur.*

No. 15520.   JULY 3, 1946.

*Reuben Garland* and *William Hall,* for plaintiff.
*Kelley & Hamrick,* for defendant.