## WALKER *v.* STEELE.

WYATT, Justice. Josephine Steele filed in Fulton Superior Court a petition for habeas corpus, seeking the custody of her minor child, Lawrence G. Walker Jr., then alleged to be in the custody of Wade Walker, an uncle of the child. The defendant answered, alleging that the custody of the child was awarded to Mrs. Frank G. Azar, the sister of the defendant, on May 28, 1943, by the Juvenile Court of Fulton County, and that the child "visits in his home and attends Sacred Heart School with his two daughters." The trial court awarded custody of the child to the mother, Mrs. Josephine Steele. The exception is to that judgment. *Held:*

1. The defendant in the court below had the actual physical custody of the minor child involved at the time the habeas corpus petition was filed and served. This was sufficient to give to the trial court jurisdiction to inquire into the question of the custody of the child. See *Drake* v. *Drake,* 187 *Ga.* 423, 427 (1 S. E. 2d, 573).

2. The trial court was authorized to find that, at the time of the judgment awarding custody of the child here involved to Mrs. Azar in 1943, she was married, lived with her husband, who was able to support the child; and that, so long as she lived with her husband, she carried the child to school, and was in position to give the child her personal attention; but that, at the time the judgment in the instant case was rendered, she was divorced from her husband and worked away from her home, and was, therefore, unable to give the child her personal attention, and had placed the child in the home of her brother so that he could attend school with the children of her brother. The trial court was also authorized to find that, at the time the judgment in 1943 was rendered, the mother, Mrs. Josephine Steele, was divorced from her husband, was unable to support the child, worked away from home, and was unable to give the child her personal attention; but that, when the judgment in the instant case was rendered, she had remarried, and is now able to support the child, live in the home with the child, and give him her personal attention; that the plaintiff in error, since the separation of Mrs. Azar from her husband about two years ago, has had custody of the child most of the time, certainly all of the time except weekends, when school is in session. These facts were entirely sufficient to support the finding of fact by the trial judge that there had been a change in conditions, both as to the mother and as to Mrs. Azar, since the judgment was rendered in 1943, and that the change affected the welfare of the child. The trial court having so found and, as above indicated, there being sufficient facts upon which to base this finding, this court can not disturb the judgment, since no abuse of discretion is made apparent. See Code, § 50-121; *Hill* v. *Rivers,* 200 *Ga.* 354 (37 S. E. 2d, 386); *Sessions* v. *Oliver,* 204 *Ga.* 425 (50 S. E. 2d, 54), and cases cited in these opinions. It follows, from what has been said above, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

No. 17027. MARCH 15, 1950.

*Barrett & Hayes,* for plaintiff in error.
*Swift Tyler* and *Marvin O'Neal Jr.,* contra.