### DUNCAN *v.* THOMAS.

CANDLER, Justice. Alleging wrongful possession and illegal detention, Paul Duncan brought habeas corpus in the City Court of Hall County to recover possession and control of his three-year-old son from J. A. (Judge) Thomas. The writ issued and the child was brought before the court. Answering the petition, the respondent denied the allegations of wrongful possession and illegal detention, and averred that he was not in possession of the child and was exercising no control over it. After the parties had introduced their evidence, the trial judge denied the relief sought by the plaintiff and dismissed the petition. It is urged by counsel for the plaintiff in error and argued in their brief that the evidence required a finding in favor of the plaintiff, and a judgment for the relief sought by him. As to this, the record shows that the plaintiff married the respondent's granddaughter, whom he had reared from infancy and who was residing with him as a member of his family at the time of her marriage. After the child presently involved was born to them, they separated and she returned to the respondent's home, bringing her child. They have been there since and have no other home to which they can go. Because of his continuous misconduct, she divorced him in the spring of 1950 and, in that proceeding, the court awarded custody and control of the child to her and required him to pay her $7 per week for the support and maintenance of their child. The decree stands as rendered, and no proceeding has been instituted against her to modify it or make any other provision for the custody and control of their child. From necessity she works and, while she is temporarily absent from home, the respondent and his wife look after and care for her child in an effort to be helpful to her, but she has not surrendered custody and control of it to them, or

to either of them. The respondent neither has nor claims any right to the custody and control of the child in question, and is asserting none. The child is at all times under the supervision and direction of the mother. *Held:*

No error of law is complained of and the trial judge was fully authorized to find from the evidence that the respondent was not in actual physical possession and control of the child involved when this proceeding was instituted and, consequently, his judgment denying the relief prayed for by the plaintiff and dismissing the petition was not, as contended, erroneous; and this is true because actual physical possession by the respondent of the child in question, at the time this habeas corpus proceeding was filed and served, was necessary to give the court jurisdiction to inquire into the question of custody. *Walker* v. *Steele,* 206 *Ga.* 674 (1) (58 S. E. 2d, 421). See also *Crowell* v. *Crowell,* 190 *Ga.* 501 (9 S. E. 2d, 628), and *Fielder* v. *Sadler,* 193 *Ga.* 268 (18 S. E. 2d, 486). In the *Crowell* case, supra, this court held that whoever legally has the custody and control of a minor child also, in legal contemplation, has possession of it.

*Judgment affirmed. All the Justices concur.*

No. 17697. Submitted January 14, 1952—Decided February 13, 1952.

*Frank B. Stow* and *Robert E. Andrews,* for plaintiff.
*B. Frank Whelchel* and *Brannon & Brannon,* contra.