*J. V. Poole* and *G. B. Walker,* contra.

## Gibson *et al.* v. Wood.

Duckworth, Chief Justice. The exception here is to a judgment awarding custody of a minor child to her mother in a habeas corpus proceeding against the grandparents, the petitioner alleging changes in conditions and circumstances affecting the interest and welfare of the child. In addition, the judgment committed the grandfather of the child to jail until the child was "produced in court and delivered to her mother," the court having previously awarded the custody of the child to the father "to be kept at the home of the grandparents." *Held:*

1. While a habeas corpus proceeding will lie against persons having the actual physical custody of a minor child (*Walker* v. *Steele,* 206 *Ga.* 674, 58 S. E. 2d, 421), the evidence here does not show custody to be in the defendants, but, on the contrary, discloses the legal and physical custody of the child to be in the father, who is not a party to this action; and the court erred in awarding custody to the mother, since it was without jurisdiction to make such an award. Code, § 50-103; *Girtman* v. *Girtman,* 191 *Ga.* 173 (11 S. E. 2d, 782); *Crowell* v. *Crowell,* 190 *Ga.* 501 (9 S. E. 2d, 628).

2. Although the modified judgment awarding custody to the father recited that the minor should be kept at the home of the grandfather, such a judgment imposed no obligation upon the grandfather, and his failure to keep the child in his custody constituted no grounds whatever for the judgment imposing a prison sentence upon him for his failure to produce the child in court.

3. But even had the court had jurisdiction, the evidence utterly fails to disclose any change of circumstances affecting the interest and welfare of the child which would authorize further modification of the custody decree, and the court abused its discretion in awarding custody to the mother. See *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514); *Fuller* v. *Fuller,* 197 *Ga.* 719 (30 S. E. 2d, 600); *Fortson* v. *Fortson,* 197 *Ga.* 699 (30 S. E. 2d, 165); *Elders* v. *Elders,* 206 *Ga.* 297 (57 S. E. 2d, 83).

4. For all the foregoing reasons the judgment of the court should be reversed and set aside.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*

No. 18086. Submitted January 13, 1953—Decided February 9, 1953.

*J. Paxson Amis* and *Malcolm C. Tarver*, for plaintiff in error.
*D. W. Mitchell Jr.* and *William Gordon Mann*, contra.