19740. DUTTON *et al. v.* FREEMAN.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957—REHEARING DENIED JULY 22, 1957.

R. F. Duncan, Alfred Quillian, E. O. Dobbs, Jr., for plaintiffs in error.

Wheeler, Robinson & Thurmond, contra.

MOBLEY, Justice.  The first questions for decision in this case are as to whom the action should be properly brought against, and where. In *Crowell* v. *Crowell*, 190 *Ga.* 501, 504 (9 S. E. 2d 628), where a writ of habeas corpus was brought by a father against a mother in the county of her residence to gain custody of a child, where the child was in the physical possession of another person in another county, who had the child with the mother's consent and was holding it subject to her direction and control, this court held: "On the precise question here involved this court has never ruled; but, both on principle and authority, we hold that under the facts of this record the illegal detention was at the place of the residence of the child's mother, the respondent, who has the custody and control, and, in legal contemplation, the possession." In that case, as in the instant one, there had been a previous decree granting the mother and father

alternate custody of the child. As there pointed out, when used in child-custody proceedings, the writ of habeas corpus operates upon the person within the jurisdiction, and he can be compelled to produce a child even though the child is not within the jurisdiction. The fact that the person who has the legal right to the custody and control of the child does not have the actual physical possession of it is no answer to a proceeding to compel its production on habeas corpus, except where there is clear proof of an absolute impossibility to produce the child, because in legal contemplation whoever has legal custody and control of the child also has possession of it. *Crowell* v. *Crowell*, supra.

In *Walker* v. *Steele*, 206 *Ga.* 674 (58 S. E. 2d 421), this court held that actual physical custody of the child was sufficient to give the court jurisdiction to inquire into the custody of the child, and affirmed a judgment granting custody to the mother against the party who had actual possession of the child without the legal custodian having been made a party to the proceedings. To the extent that the affirmance in that case, changing custody of the child without the legal custodian being a party, conflicts with the *Crowell* case, the latter being an older decision is controlling upon us in this case. In *Duncan* v. *Thomas*, 208 *Ga.* 740 (69 S. E. 2d 196), a case very similar on its facts to the instant case, *Walker* v. *Steele* was cited, but the *Crowell* case was followed in affirming the trial judge who dismissed a petition for habeas corpus brought against J. A. Thomas, the evidence showing that Thomas merely kept the child on behalf of his granddaughter while she worked, she being the mother of the child and its legal custodian under a divorce decree, she not being made a party to the habeas corpus proceeding. In *Gibson* v. *Wood*, 209 *Ga.* 535 (74 S. E. 2d 456), an award changing custody of a child upon a writ of habeas corpus was reversed because the father, the legal custodian of the child and who had actual possession of it, was not a party, and the *Crowell* case was cited as authority therefor. In *Goodloe* v. *Goodloe*, 211 *Ga.* 894 (89 S. E. 2d 654), it was held that, where there has been a final award of custody of children, any further proceedings relating to such question against the person awarded custody must be brought in the county of such person's residence.

Applying the ruling in the *Crowell* case to the instant case, the illegal detention was at the place of residence of the father, under the allegations of the petition, and the writ of habeas corpus brought by the mother against him to obtain full time custody of their child should be brought in the county of his residence.

Does the petition allege sufficient facts to show that the court had jurisdiction of the defendant Donald Dutton? "All necessary jurisdictional facts must be clearly and distinctly set out in the petition, and their absence may be taken advantage of by demurrer." *Ocilla Southern R. Co.* v. *McAllister,* 20 *Ga. App.* 400, 401 (93 S. E. 26); *White* v. *Atlanta, B. & C. R. Co.,* 5 *Ga. App.* 308, 312 (63 S. E. 234); *Flint River &c. R. Co.* v. *Sanders,* 18 *Ga. App.* 766 (1) (90 S. E. 655). In *Nance* v. *Daniel,* 183 *Ga.* 538, 543 (189 E. E. 21), it was held: "An averment that complainants are informed and believe that a fact exists is a mere statement as to their information and belief, and is not equivalent to positive allegation of the fact itself." The instant petition does not allege that the defendant Donald Dutton is a resident of Gwinnett County, but alleges that the petitioner believes he is a resident of such county. The defendant could admit that the petitioner believes him to be a resident of Gwinnett County without conceding in any way that he is a resident of that county. Since the petition failed to allege that the father, Donald Dutton, was a resident of Gwinnett County and therefore subject to the jurisdiction of the court, the petition fails to show that the court had jurisdiction of him and was subject to general demurrer specifically pointing out this defect. Code §§ 81-304, 50-103, 2-4906; *Ruis* v. *Lothridge,* 149 *Ga.* 474 (2) (100 S. E. 635); *Mullally* v. *Mullally,* 199 *Ga.* 708 (2) (35 S. E. 2d 199).

But the petitioner contends that, since the defendants appeared in court with the child on the day set for hearing, they thereby waived any objection to the court's lack of jurisdiction, and cite as authority for this contention, *Simmons* v. *Georgia Iron &c. Co.,* 117 *Ga.* 305 (5) (43 S. E. 780, 61 L. R. A. 739), wherein it was held that, "Although a judge may have no authority to issue a writ directed to a person holding another in custody beyond certain territorial limits, yet where he does issue the writ thus

directed, and the respondent obeys its mandate by producing into court the person detained, a plea that the court had no jurisdiction to issue the writ should be overruled and the cause of the detention inquired into." In that case, the court was considering a writ of habeas corpus brought to obtain the freedom of one who was allegedly deprived of his liberty without legal justification. As pointed out in *McBurnett* v. *Warren,* 208 *Ga.* 225 (66 S. E. 2d 49), there is a clear distinction between such a writ and a writ brought to obtain custody of a child or to reform a previous award of custody. In the former, the writ must be filed in the county where the illegal restraint exists and against the individual having the actual physical custody and control of the person. The writ is instituted solely for the benefit of the person whose freedom is sought. "It is not designed to obtain redress against anybody, and no judgment can be entered against anybody. There is no plaintiff and no defendant and hence there is no suit in the technical sense." P. 228. On the other hand, the writ as used to determine questions as to custody of children brings before the court the question of the interest and welfare of the children and the rights of the parties to their custody. Where, as here, it is sued out by one parent against the other, seeking to acquire the full-time custody of a child and, hence, to deprive the other parent of any right to its custody, the court renders judgment fixing the custody of the child, which is binding upon them. As it is not necessary that the child be before the court in order that a valid judgment may be rendered which is binding upon the parties (*Crowell* v. *Crowell,* supra), the fact that the child accompanied the parent to court would not of itself constitute a waiver of the court's jurisdiction. By bringing the child with them to court, the defendants did not thereby waive their right to insist upon their demurrers to the jurisdiction of the court.

■ The petition fails to show that the defendants Mr. and Mrs. Charlie Dutton, Sr., have any interest in the minor child except insofar as they might have its possession with the permission of their son, Donald Dutton. It is alleged that the petitioner assumes that the child is in the possession of Mr. and Mrs. Dutton by the consent of Donald Dutton. The order of

April 30, 1955, wherein custody of the child was awarded to the petitioner and Donald Dutton alternately every two weeks, provided that delivery of the child to the grandparents at their home would be a sufficient compliance of delivery to the other party. It is not alleged that Mr. and Mrs. Dutton have refused to deliver the child to the petitioner as provided by the order of April 30, 1955, or that they have refused to deliver the child to its father, or have in any way attempted or sought to exercise any control over the child. It is alleged that they have been requested to surrender to the petitioner "the full-time possession" of the child and have refused to do so, but this would not make them proper parties to this habeas corpus proceeding. They have no right to the full-time possession of the child themselves and have no right or power to surrender such possession to the petitioner or anyone else. The legal custody, control, and possession of the child for the purpose of this proceeding by the mother to obtain exclusive custody of the child is solely in the father, and the petition fails to show that Mr. and Mrs. Dutton have any interest in the subject matter of the case that would authorize them to be joined in the writ against the father. Consequently, the trial court erred in overruling the special demurrers to the petition on the ground of misjoinder of parties defendant. Code § 81-304.

■ The action of the trial court in changing the custody of the minor child without hearing any evidence was clearly error. Code § 50-121 provides: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." While the trial court has a wide discretion in passing on the evidence upon such a writ, a judgment without any evidence to support it is a gross abuse of his discretion and cannot be allowed to stand. See *Sheppard* v. *Sheppard,* 208 *Ga.* 422 (3) (67 S. E. 2d 131).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*