ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Thomas C. Burton, Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*Paul M. Conaway, McClure, Ramsay & Struble,* contra.

21130.   TAYLOR v. TAYLOR.

*Jones H. Neal,* for plaintiff in error.

*Earl Staples,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the order overruling the general demurrer of the respondent to a petition seeking to adjudge the respondent in contempt of court and an order adjudging him in contempt.

In a divorce action between the parties in Carroll County Superior Court, on April 8, 1960, by a final decree the two minor children of the parties were awarded to the mother with the right of the father to visit with and have them with him for two hours twice a month and be required that he pay the mother $100 a month for their support. On October 31, 1960, the mother filed her petition in Carroll Superior Court, alleging that the father had failed to comply with the terms of the final decree, in that he had not contributed anything for the support of the children and had, on or about September 1, 1960, carried the children to Clayton County, Georgia. After a hearing the father was adjudged to be in contempt of court and ordered to serve ten days in jail and pay the mother $250 and $50 attorney's fees.

■ The general demurrer asserts (a) that the court was without jurisdiction, in that it appeared from the petition that the father and the children were residing in Clayton County, and (b) the provision in the final decree that "said children are not to be taken out of Carroll County" was a nullity, in that the court was without power to retain jurisdiction over the custody of the children.

There is no merit to either contention. The jurisdiction of the court in a contempt proceeding is an incident of the divorce and alimony action. The court that entered the final decree has jurisdiction to attach the father for contempt although he reside out of the county where the suit was brought. *Bilbo v. Bilbo,* 167 Ga. 602 (3) (146 S. E. 446); *Curtright v. Curtright,* 187

Ga. 122 (2) (200 S. E. 711). This is not a case of a contest between the parties as to the custody of the children, and therefore the cases of *Crowell v. Crowell,* 190 Ga. 501 (9 S. E. 2d 628), and *Dutton v. Freeman,* 213 Ga. 445 (99 S. E. 2d 204), relied on by the father are not in point. As to the contention that the court did not have the power to restrain the parties from taking the children out of Carroll County, the petition alleged facts showing a non-compliance by the father as to payments of alimony and was sufficient to allege a cause of action for contempt, and sufficient to withstand a general demurrer.

■ The father contends that the order of the court respecting failure to pay alimony was contrary to the evidence and facts brought out at the trial, as shown above, and that such order was an abuse of discretion, since any order should be based upon the defendant's refusal to obey the order of the court, and not upon his inability to obey the court. While we agree with this contention, the evidence is sufficient to show refusal to obey rather than mere inability to obey the court's order. The evidence shows that the father earned $500 from the 1st day of April, 1960, to the 4th day of November, 1960, paying the mother only $75 of this amount, and he was in arrears in the sum of $550. While there is some evidence that the father was ill, he has not made it clear that he has in good faith exhausted all the resources at his command and has made a diligent and bona fide effort to comply with the order of the court. Unless there is such a showing, this court will not reverse the judgment of the trial judge holding the father in contempt. *Reese v. Reese,* 189 Ga. 314 (5 S. E. 2d 777), and *Shahan v. Shahan,* 204 Ga. 342 (49 S. E. 2d 822).

To the contention of the father that, since he fed and clothed the children while they were at his home, for which purpose the original award of support and maintenance had been awarded, he had sufficiently complied with the spirit of the order, we cannot agree. The father cannot credit himself on the judgment for alimony with any amount that he voluntarily spent on food and clothes for the minor children. *Fischer v. Fischer,* 164 Ga. 81 (5) (137 S. E. 821).

The father contends that the court erred in ordering him, to

■

purge himself of contempt, to return the children to the mother in Carroll County, on the grounds that the children were residing with him in Clayton County, and the court had no power or authority to compel their return to Carroll County. The children had by final decree been awarded to the mother. She being a resident of Carroll County, the domicile of the children was in Carroll County. *Danziger v. Shoob*, 203 Ga. 623 (48 S. E. 2d 92). Under the final decree, the father was given the privilege of visiting the children in Carroll County, and ordered not to take them out of the county. The court having jurisdiction over the children, and the evidence authorizing a finding that he had violated the order, the court had the power and authority to require the father, in order to purge himself of the contempt order, to return the children to the custody of their mother.

The court did not err in finding the plaintiff in error guilty of contempt of court for failure to pay alimony.

*Judgment affirmed. All the Justices concur, except Duckworth C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent because the uncontradicted evidence in this case shows that, because of poor health, preventing the husband from earning funds with which to pay the alimony judgment, and this alone, he had paid only a small part; and the uncontradicted evidence showing that, at the time of the hearing, he possessed only the sum of $2 or $3, and had no other property and means of earning other funds, it was imprisonment for debt in violation of the Constitution to order this plaintiff in error to pay the sum of $300 before being "released from said jail." See *Blalock v. Blalock*, 214 Ga. 586 (5) (105 S. E. 2d 721), and cases cited therein.