## 21423. LEVENS v. EDGE.

Submitted October 9, 1961—Decided November 9, 1961.

*Wm. P. Johnson, Shirley C. Boykin,* for plaintiff in error.
*Gilbert & Head,* contra.

GRICE, Justice. Involved here is the award of custody of a minor child to its father pursuant to a habeas corpus proceeding brought against its maternal grandmother only. Error is assigned upon the overruling of her motion for new trial embodying general and 16 special grounds.

This record, like many others in this field of litigation, shows heated controversy, sharp conflict in the evidence, and troublesome issues of law. But, from all that appears, most significant and decisive is a prior award of custody of this child to its mother, by the Superior Court of Carroll County, Gerogia, on April 10, 1959.

While that judgment was in full force and effect, the father, Eugene Edge, on May 25, 1961, filed in that same court the instant habeas corpus proceeding against the child's maternal grandmother, Mrs. Fred Levens. This proceeding was predicated upon an alleged change of condition, subsequent to the 1959 award above referred to. The petition also recited that the child was in the grandmother's custody and control and that its mother, Jean Edge, was then confined in the Milledgeville State Hospital as mentally ill.

The respondent grandmother answered so as to require proof

of the material allegations of the petition. She also demurred, generally and specially, but without challenging the legal sufficiency of the petition because of the 1959 award to the mother and the father's failure to make the mother a party to the habeas corpus proceeding. The court overruled the general demurrer, but did not pass upon the special demurrers.

Upon the trial the evidence was at wide variance on the issue of any change in condition such as would affect the welfare of the child. Among the witnesses was the mother, who testified that, several days prior to the trial, she had been discharged from the hospital because she was not psychotic, and that, while she was in the hospital, the grandmother had cared for the child. The mother testified further that, since her return, she had the child in her possession at the grandmother's home and was now exercising custody pursuant to the 1959 award. The grandmother's testimony was consistent with the mother's.

The mother's right of custody was fixed by the outstanding 1959 judgment. Until and unless it was set aside in accordance with law, it was conclusive against the father and was res judicata. *Code* §§ 38-623, 110-501. The mother's right of custody was, in legal contemplation, possession of the child. *Crowell v. Crowell*, 190 Ga. 501 (9 SE2d 628). The grandmother's caring for the child, under these circumstances, did not constitute illegal detention for habeas corpus relief. *Gibson v. Wood*, 209 Ga. 535 (1) (74 SE2d 456); *Duncan v. Thomas*, 208 Ga. 740 (69 SE2d 196); *Dutton v. Freeman*, 213 Ga. 445 (1) (99 SE2d 204). The mother, legal custodian under the 1959 award, not having been made a party to the habeas corpus proceeding even though she was within the State and amenable by guardianship, could not be divested of her right of custody. Her appearance as a witness did not obviate the necessity of her being made a party. Cf. *McAfee v. Martin*, 211 Ga. 14 (2) (83 SE2d 605).

In view of the foregoing, the award of custody to the father was without evidence to support it and was contrary to law. The denial of the respondent's motion for new trial upon the general grounds was error.

*Judgment reversed. All the Justices concur.*