28284, 28285. GERMAN v. JOHNSON et al.; and vice versa.

MOBLEY, Chief Justice. Julia Strickland Johnson German brought an action in the nature of habeas corpus in DeKalb Superior Court, seeking to obtain legal custody of her minor daughter, whose custody had been given to the father, Jack Benjamin Johnson, in a divorce proceeding between the parties. Mrs. Charlsie Johnson, the paternal grandmother, was joined as defendant.

After hearing evidence, the trial judge found that the father had established residence in Texas prior to the institution of the action, and sustained the father's plea to the jurisdiction of the court. The motion to dismiss Mrs. Charlsie Johnson as defendant was granted. The custody of the minor child was left with the father, with the direction that she remain with her grandmother in DeKalb County pending an appeal of the case. The father was directed to post a $5,000 bond conditioned on the child remaining subject to the jurisdiction of DeKalb Superior Court until final determination of the appeal.

The mother appeals from that portion of the order which sustained the father's plea to the jurisdiction, and dismissed the grandmother as a party defendant.

The father appeals from that portion of the order directing that the minor remain subject to the jurisdiction of DeKalb Superior Court, and requiring him to post bond.

1. The trial judge was authorized to find from the evidence that the father had moved to Texas, with the intention of becoming a resident of that state, prior to the date the mother instituted the present case.

Where a parent who is the legal custodian of a minor child moves to another state and establishes residence there, the courts of this state lose jurisdiction of any new questions concerning the custody, control, and welfare of the minor child, and have no jurisdiction to entertain a petition by the other parent seeking to deprive the nonresident parent of the custody of the child. *Locke v. Locke*, 221 Ga. 603 (146 SE2d 273); *Van Gorder v. Van*

*Gorder,* 227 Ga. 255 (179 SE2d 750). The trial judge did not err in sustaining the plea to the jurisdiction of the father.

2. The mother asserts that the Superior Court of DeKalb County has jurisdicton of the case because the minor child has been staying with the grandmother, who lived in DeKalb County at the time the action was commenced. The evidence shows that the grandmother does not assert any right of custody in herself, but merely furnishes care and supervision of the child while the father travels in connection with his employment. At the time the action was brought the child was with the mother, who had retained the child following her visitation rights.

In an action in the nature of habeas corpus, in which a parent seeks to have the legal custody of a minor child changed, the mere physical presence of the child within the jurisdiction of the court, or the joining in the action of a resident of the county who does not exercise any control or custody of the child, does not give the court jurisdiction. The jurisdiction of the action is determined by the residence of the parent having legal custody, who, in legal contemplation, has possession of the child. *Crowell v. Crowell,* 190 Ga. 501, 504 (9 SE2d 628); *Duncan v. Thomas,* 208 Ga. 740 (69 SE2d 196); *Levens v. Edge,* 217 Ga. 418 (122 SE2d 728).

It was not error to dismiss the grandmother as a party. *Dutton v. Freeman,* 213 Ga. 445 (3) (99 SE2d 204).

3. The father has no right to appeal from that portion of the order directing that the minor remain subject to the jurisdiction of DeKalb Superior Court pending an appeal, and requiring bond conditioned on his retaining the child within the jurisdiction of the court. Counsel for the father suggested to the court that he would keep the child within the jurisdiction of the court until the appeal had been determined, and verbally acquiesced in the announcement of the court that he would require bond.

*Judgment affirmed on main appeal and the cross appeal. All the Justices concur.*

ARGUED OCTOBER 10, 1973 — DECIDED NOVEMBER 8, 1973 — REHEARING DENIED NOVEMBER 29, 1973.

*Strother, Strother & Hicks, Glenn H. Strother,* for appellant.

*Schwall & Heuett, Emory A. Schwall, Lee S. Alexander,* for appellees.