## 30666. STOUFFER v. STOUFFER.

PER CURIAM.

This case concerns a change of child custody by the Cobb Superior Court from the father to the mother. The father appeals.

1. The trial court's findings of fact and conclusions of law entered after its final order changing custody satisfy the requirements of Code Ann. § 81A-152.

2. By supplemental finding of fact, it has been determined by the trial court that the father was a resident of Cobb County on the date on which this suit was filed. There is some evidence to support this finding. The trial court therefore did not err in overruling the father's motion to dismiss for lack of jurisdiction.

3. There was reasonable evidence to support the court's determination that change of custody should be awarded. *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).

*Judgment affirmed. All the Justices concur, except Gunter and Hill, JJ., who dissent.*

SUBMITTED DECEMBER 29, 1975 — DECIDED MAY 6, 1976 — REHEARING DENIED JUNE 8, 1976.

*William Holley,* for appellant.
*Robert E. Flournoy, Frank W. Virgin,* for appellee.

HILL, Justice, dissenting.

My study of the transcript of evidence and record convinces me that the plaintiff did not carry her burden of showing that the father was a resident of Cobb County on the date suit was filed, that the trial court's supplemental finding of fact (entered after the now vacated, original opinion in this case was issued) therefore is not supported by the evidence, and that the court therefore erred in overruling the father's motion to dismiss for lack of jurisdiction.

The former husband testified that he had moved to and established residence in Florida. The former wife's complaint alleged that the father formerly resided in Marietta, she testified that he had moved to Florida prior to the filing of the complaint, and her attorney stated that the former wife told him that she did not know if he was going to come back.

Under *German v. Johnson,* 231 Ga. 454 (202 SE2d 89) (1973), the trial court lacked jurisdiction.

I therefore respectfully dissent.