## 32644. COXWELL v. COXWELL et al.

JORDAN, Justice.

In this action in the nature of habeas corpus the mother of a minor child appeals from the award of custody to the father.

The mother and father were divorced in 1973 and by agreement custody of the child was given to the mother. In 1974 the maternal grandparents brought an action against the mother alleging that she had become unfit to have custody of the child. The child was placed in the custody of the maternal grandparents with the father's consent. In December, 1976, the father filed a complaint against the maternal grandparents and the mother, alleging that material changes have occurred affecting

the welfare of the child, and praying that he have custody. The father later dismissed the mother as a party. The mother filed a motion to intervene as a plaintiff, and the intervention was allowed. The father made a motion to dismiss the intervention. At the hearing on the question of custody the judge announced that he would allow the mother to intervene and he heard evidence from her as a party. In the custody order the judge stated that he had determined that the mother had no right to intervene, and her claim to intervene was denied. The mother filed a motion for new trial on the general grounds. She appeals from the denial of that motion, enumerating as error the denial of her motion to intervene, and other alleged errors.

1. The father has moved to dismiss the mother's appeal on the ground that a motion for new trial was not the proper remedy to test the sufficiency of pleadings, as it reached only extrinsic defects not appearing on the face of the record, and that her appeal from the denial of her intervention was not timely.

The final determination of the mother's right to intervene was made after hearing evidence, and the motion for new trial was an available remedy. The appeal was therefore timely and the motion to dismiss is denied. See *Shaddrix v. Womack,* 231 Ga. 628, 630 (1) (203 SE2d 225) (1974).

2. The judge's ruling that the mother was not a proper party was based on *Dutton v. Freeman,* 213 Ga. 445 (3) (99 SE2d 204) (1957). That case did not involve the right to intervene. The judge also cited *Bragassa v. Bragassa,* 197 Ga. 140 (28 SE2d 133) (1943), in which this court held that there is no provision of law for a third party to intervene in a habeas corpus case.

Both of these cases were decided prior to the Civil Practice Act, which liberalized the right to intervene. Intervention is now authorized as a matter of right "when the applicant claims an interest relating to the . . . transaction which is the subject-matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Code Ann. § 81A-124 (a)

(Ga. L. 1966, pp. 609, 633; 1967, pp. 226, 232; 1968, pp. 1104, 1108).

In this case the mother was not the legal custodian of her child, but she shared actual custody with her parents. She had not lost all parental rights, and she retained the right to contest the custody with the father. Her interest was not adequately represented by her parents. The trial judge erred in denying the mother's right to intervene.

Under the record in this case we do not find that the judge's denial of the mother's right to intervene requires a reversal of the judgment awarding custody to the father. The mother was treated as a party at the hearing and allowed to introduce evidence. The judge in his order stated that he was giving due consideration to all evidence presented by all parties and the intervenor.

3. It is asserted that the judge erred in receiving and considering the report of the Department of Family & Children Services, which was not offered or admitted in evidence.

The judge's order gave a history of the case in which this report was listed. At the conclusion of the history the judge stated that a full and complete hearing was held, and that *pursuant to this hearing* the findings of fact thereafter listed were made. There is no indication from the order that the judge considered the report in making the award.

4. The hearing was held on February 3, 1977. In the findings of fact as to the fitness of the mother the judge referred to an indictment against her on February 8, 1977, charging her with terroristic threats, her plea of guilty, and sentence of five years on probation, copies of which were attached to the order. The mother contends that the indictment, plea, and sentence were improperly considered by the judge in reaching a decision since they were not a part of the evidence in the case.

Testimony regarding the threats made by the mother to the present wife of the father in personal encounter, and a tape recording of a threatening telephone call, were in evidence in the case. These were the same incidents on which the indictment was based. The conclusions of the judge as to the explosive temperament and emotional instability of the mother were drawn from the actions of

the mother which led to the indictment.

While the judge should not have considered the indictment, plea, and sentence, a reversal is not required, since evidence of the mother's terroristic actions was in evidence.

5. At the commencement of the action neither the father nor the mother had a legal right of custody to the child. The legal custodians, the maternal grandparents, have not appealed from the judgment awarding custody to the father. There was reasonable evidence to support the grant of custody to the father, and this court will not reverse that decision. *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 25, 1977.

*Smith, Geer, Brimberry & Kaplan, Jerry W. Brimberry,* for appellant.

*John L. Tracy,* for appellees.