### 35071, 35072. SALIM v. SALIM.

JORDAN, Justice.

This appeal concerns an action for divorce filed by the appellee wife against appellant husband and a petition for habeas corpus brought by appellee involving the custody of the minor child of the parties.

Masood Salim, appellant, and Sally Salim, appellee, were married in DeKalb County and are the parents of one child, Mohammad Anwar Salim, born April 21, 1978. On the morning of August 1, 1978, appellee filed an action for divorce against appellant and obtained a temporary order enjoining the appellant from removing the child from the custody of the appellee or removing the child beyond the jurisdiction of the court. At approximately 5 p.m. on the same date, the appellant seized physical possession of the child and took him to the home of his relatives in Pakistan. Appellee has not seen the child since that date.

On January 19, 1979, following the appellant's return to DeKalb County, the appellee filed a petition for habeas corpus asserting her right to custody under the temporary order and praying that the appellant be placed

under arrest pending a hearing. Appellant was arrested and served with the writ on January 30, 1979. After an evidentiary hearing which combined a rule nisi in the divorce action with the habeas petition, the court issued its order dated February 9, 1979, awarding custody of the child to the appellee and ordered the appellant confined to jail until the child was returned to the appellee. The final judgment of divorce was filed March 6, 1979. Appellant filed his notice of appeal from the habeas order and the final judgment of divorce.

1. Appellant complains that the trial court erred in not recognizing his right to an automatic supersedeas under Code Ann. § 6-1002 (a) and in later granting supersedeas conditioned upon him filing an unreasonably high bond ($50,000). There is no merit in this contention. Even assuming error, any resulting damage has already been done and a reversal would not undo the same, mooting this issue. *Smith v. Smith,* 224 Ga. 689, 693 (164 SE2d 225) (1968).

2. Appellant contends that the trial court was without jurisdiction of his person in the divorce action. The record shows that the appellant was a resident of the State of Georgia when the divorce action was filed on August 1, 1978, and that he was personally served in this state on January 19, 1979. This contention is without merit. See *Evans v. Evans,* 229 Ga. 418, 421-422 (192 SE2d 158) (1972).

3. Appellant next contends that the trial court was without subject matter jurisdiction, jurisdiction over his person, or venue in the habeas corpus action. The trial court clearly had subject matter jurisdiction and personal jurisdiction under the facts of this case. *Hopkins v. Hopkins,* 237 Ga. 845, 846 (229 SE2d 751) (1976) and Code Ann. § 74-504 (a) (1) (B).

Code Ann. § 50-103 provides that venue in habeas corpus actions is proper in "the circuit where the illegal detention exists," which phrase has been construed to mean the circuit where control over the child is exercised. E. g. *Fielder v. Sadler,* 193 Ga. 268 (18 SE2d 486) (1942). Since the appellant exercised ultimate control over the child by virtue of the agency of his family in Pakistan, venue was proper in DeKalb County. *Crowell v. Crowell,*

190 Ga. 501, 504 (9 SE2d 628) (1940). See *Matthews v. Matthews,* 238 Ga. 201, 202 (232 SE2d 76) (1977).

4. The evidence was sufficient to support a finding by the trial court that the appellant had actual notice of the temporary restraining order of August 1, 1978. *Ballard v. Smith,* 225 Ga. 416, 417-418 (169 SE2d 329) (1969).

5. The trial court did not err in ordering the confinement of the appellant until the child is returned to the appellee. The trial court was authorized to find that the appellant had disobeyed without defense a legal requirement of a writ of habeas corpus, and in accordance with Code Ann. § 50-115, to order the appellant incarcerated until such time as the requirement was complied with or proof was presented that compliance was absolutely impossible. *Dutton v. Freeman,* 213 Ga. 445, 448 (99 SE2d 204) (1957).

6. The record is sufficient to show that the appellant transferred custody of an infant to avoid a writ of habeas corpus. His arrest and detention is authorized under Code Ann. § 50-113.

*Judgment affirmed in Case No. 35071 and Case No. 35072. All the Justices concur.*

SUBMITTED JUNE 22, 1979 — DECIDED
OCTOBER 23, 1979.

*J. Wayne Moulton,* for appellant.
*George N. Guest,* for appellee.