## THOMPSON v. OGLESBY.

1.·Habeas Corpus: JURISDICTION: NEAREST COURT.  Where the mother, residing in one judicial district, made application to the judge of that district for a writ of *habeas corpus* for the possession of her·daughter, a minor, alleged to be restrained of her liberty in another judicial district, it was *held*, that the person restrained was the applicant, within the meaning of the statute, and that the application should have been made to the judge or court nearest her.

### *Appeal from Floyd Circuit Court.*

### TUESDAY, APRIL 4.

THE plaintiff is a minor residing with the defendant in the county of Clayton and 10th Judicial District. . Hannah M. Thompson, the mother of the plaintiff, resides in the county of Floyd and 12th Judicial· District.   The question in this case is as to the jurisdiction of the Circuit Judge of the 12th Judicial District to issue a writ of *habeas corpus* to bring Nettie Thompson, the plaintiff, before him at Charles City in

said county of Floyd, she being at the time of the application for the writ in the said county of Clayton. The petition in behalf of the plaintiff was presented to the said Circuit Judge in said county of Floyd by the said Hannah M. Thompson, by whom the same was sworn to.

The defendant moved for a change of venue to the District Court of the county of Clayton. The motion was overruled. The defendant appealed and filed a supersedeas bond. The plaintiff claimed a default and judgment for want of an answer which the court refused to give, and plaintiff also appeals.

*Starr, Patterson & Harrison*, for plaintiff.

*James O. Crosby*, for defendant.

ADAMS, J.—Sec. 3452 of the Code provides that " application for the writ (of *habeas corpus*) must be made to the court or judge most convenient in point of distance to the applicant, and the more remote court or judge may refuse the same unless a sufficient reason be stated in the petition for not making the application to the more convenient court or judge thereof."

This case has been argued upon the supposition that, if the said Hannah M. Thompson is not the applicant within the meaning of the statute, the motion for change of venue should have been granted. In our consideration of the case we shall proceed upon the same supposition.

If the said Hannah M. Thompson, the person by whom the petition was presented in behalf of the plaintiff, was the applicant, it is conceded that the said Circuit Judge had jurisdiction, and the writ was rightfully issued by him. But the defendant denies that she is the applicant and maintains that *the person whose liberty is restrained* is the applicant.

The statue is by no means clear upon this point. It should be observed, however, that the proper court or judge is not

1. HABEAS corpus : jurisdiction : nearest court.

the one nearest the *residence* of the applicant, but the one nearest the applicant. Now if the applicant is the one who presents the petition, the court

or judge to whom it is presented would necessarily be the. nearest one. The same section provides that if the petition is presented to a more remote court or judge, he may refuse, etc. Yet, as we have seen, the court or judge to whom the petition is presented could not be more remote from the applicant if the person presenting it is the applicant. Again, the plaintiff and defendant, the person restrained and the person restraining, must be presumed to be together. The evidence, if any, showing the legality of the imprisonment would ordinarily be at the same place. If the imprisonment is legal, the defendant should be allowed to show it with the least possible trouble and expense. If the imprisonment is illegal, the person restrained is entitled to his liberty at once. There is no reason why his imprisonment should continue until he can be brought before some remote court or judge, wherever some person may happen to be who desires to present a petition in his behalf. We think the case must be affirmed as to the plaintiff's appeal, and as to the defendant's appeal it must be

REVERSED.