## RIVERS v. MITCHELL.

1. **Habeas Corpus:** JURISDICTION. The allegations of the petition for a writ of *habeas corpus*, that minor children were concealed by the respondent in Polk or Dallas counties, were sufficient to give the court of Polk county jurisdiction, and authorized the issuance of the writ; and the fact set up in the answer, that the children were in a foreign jurisdiction did not deprive the court of jurisdiction, or excuse the respondent for not producing the children in court in obedience to the writ.

2. ———: ———: RETURN. The return to the writ of *habeas corpus*, should have shown that the respondent did not have the power to produce the children in court, in obedience to the writ.

### *Certiorari to Polk Circuit Court.*

TUESDAY, DECEMBER 6.

ON the 10th day of July, 1880, there was filed in the court below a petition in *habeas corpus*. It appears from the allegations thereof that the plaintiff herein and Sophia B. Rivers are husband and wife; that they have two minor children of tender years, one being about nine years old and the other younger. That a separation of the husband and wife had taken place on account of the gross neglect of the husband to provide for his family. That the children were taken by the wife from Des Moines (the home of the parties), to her father's residence at Oskaloosa, in May, 1879, and that she and the children remained there until July 2, 1880, when said John D. Rivers, in the night time, secretly and without the knowledge or consent of his said wife, removed and carried away said children and concealed them from their mother. The petition is entitled in the name of the children, by Sophia B. Rivers, their natural guardian, and avers that according to the best belief of petitioner the said children were concealed by said Rivers in or near the city of Des Moines, or in the counties of Dallas or Polk. Mrs. John Rivers, the mother of John D. Rivers, was also made a defendant. It is claimed that the mother of said children is entitled to their custody and care.

The writ of *habeas corpus* was issued, and said Rivers in addition to a general denial answered thereto to the effect that he had possession and control of said children, but that on the 5th day of July, 1880, he transfered said control to Mrs. John Rivers, his co-defendant, and that she and said minors have been non-residents of this State and have not been within the State, and he has had no control nor possession of them since his transfer of them to his co-defendant. It elsewhere appears in the record that the children were in the State of Missouri, at a place about five miles south of Cincinnati, in Iowa.

The petitioner moved the court to strike the answer from the files, because the same was equivocal and not responsive to the petition. The motion was sustained, and the defendant was given until the next day to make further pleading. On the next day, he filed a motion for a change of venue, and a motion to dismiss the proceeding for want of jurisdiction. These motions were overruled. On the 14th day of July, 1880, an order was made finding that said Rivers had willfully disobeyed the writ by refusing to produce the said minor children, and he was committed to the jail of the county until he should comply with said writ and produce said minors in open court.

Thereupon the said Rivers applied for and obtained a writ of *certiorari* from this court for a review of said proceedings.

*C. C. Cole*, for plaintiff.

*George H. Lewis*, for defendant.

ROTHROCK, J.—I. It is claimed that the judge of the Circuit Court at Des Moines did not have jurisdiction to issue the

1. HABEAS CORPUS: jurisdiction.

writ, because the application was not made to the court or judge most convenient in point of distance to the applicant, as provided in section 3452, of the Code. In *Thompson v. Oglesby*, 42 Iowa, 598, it was held that the person restrained is the applicant. As we understand it, the

residence of John D. Rivers was at Des Moines, in Polk county. The petition charges that the children were to the best belief of the petitioner in Des Moines, or in Polk county or in Dallas county. This was sufficient to authorize the issuance of the writ. Indeed, if it were only alleged that John D. Rivers was in Polk county, and that he unlawfully restrained the minor children, the presumption would be that he and the children were together. *Thompson v. Oglesby, supra.*

The court then having had jurisdiction to issue the writ, did the answer show facts sufficient to oust the jurisdiction? Or rather, did Rivers show good cause for not producing the children in court, as provided in section 3475, of the Code? We think he did not. These contests between husbands and wives, who are living separate and apart from each other, as to the custody of their minor children are peculiar. Although denominated proceedings in *habeas corpus*, they are unlike the ordinary proceedings for the release of a party held upon a criminal charge. Although the minor child is denominated as the applicant for the writ, no contest is made by him. It is really a controversy between the father and mother, and the question for the court to determine is, which of the contestants is the more suitable person to have the control and custody of the child. It was incumbent on Rivers to show good cause for not producing the children in court, in obedience to the writ. They were presumably in his custody, and we think the court properly found that they were not beyond his control. He made no showing that he could not obey the writ. The mere fact that he put them in possession of his mother, who took them over the State line and into Missouri, is no showing of an inability to produce them. For aught that appears, he had the same power to bring them into the State that he had to send them over the state line and into the State of Missouri. Without some other showing than what was made, we think the court may have fairly found that the minors were taken out of the State for the very purpose of evading

any proceeding which the mother might institute to regain the custody of them.

The plaintiff claims that the mere fact that the children were in a foreign jurisdiction when the writ of *habeas corpus* was issued deprives the tribunals of this State of power to inquire into the cause of their restraint. The case of Jackson, 15 Mich., 416; is cited and relied upon as authority for the claim so made. In that case it appeared that Samuel W. Jackson, a minor, was taken out of the State of Michigan by the wife of the respondent several months before the writ of *habeas corpus* was issued; that the wife remained out of the State with the minor, and that she had been duly appointed guardian of the minor by the Surrogate's Court of Canada West, and that the minor was not under the control of the respondent. The court was equally divided upon the question as to whether or not the mere fact of the absence of the child from the State was a sufficient excuse for not producing him in obedience to the writ. All of the judges were agreed, however, that the fact of the appointment of a guardian in a foreign jurisdiction should be regarded as a sufficient showing that the minor was beyond the control of the respondent. Upon the main question, we think the opinion of Mr. Justice Cooley, holding that the mere fact that the child was in a foreign jurisdiction, is not a sufficient excuse for not producing him in obedience to the writ, is in accord with sound legal principles. In discussing the question, he very pertinently says: "The place of confinement is therefore not important to the relief, if the guilty party is within reach of process, so that by the power of the court he can be compelled to release his grasp. The difficulty of affording redress is not increased by the confinement being beyond the limits of the State, except as the greater distance affects it. The important question is, where there is the power of control exercised?"

In *U. S. v. Davis*, 5 Cranch., C. Ct., 622, it was held that a

return to a writ of *habeas corpus* that the person alleged to be detained was not within the control and custody of the party to whom the writ was directed, and that such person was beyond the jurisdiction of the court, was evasive and insufficient, it appearing that such person had been removed, in anticipation of the issuing of the writ, by the party to whom it was directed.

In the matter of Samuel Stacey, 10 Johnson, 327, the return was, " that the within named Samuel Stacey is not in my custody." This was held to be an evasive return, because it was not shown that Stacey was not in possession or power of the respondent. So in the case at bar, the return should have shown that Rivers did not have the power to produce the children in court in obedience to the writ.

The writ of *certiorari* will be dismissed, and the order of the court                                     AFFIRMED.