### Ex parte McDANIELS.

No. 20950. Opinion Filed June 24, 1930.

D. B. Welty and Morris & Tant, for petitioner.

Robert D. Crowe and W. C. Lewis, for respondent.

LESTER, V. C. J. This is an original action brought in this court upon the part of Mercedes McDaniels for the custody of Fred McDaniels, Jr., minor, whose age is fixed at six years.

Under the orders of this court, Mrs. L. L. Baulme and Fred L. McDaniels each was allowed to file an intervention and set up their respective claims for the custody of said minor, so that there are now four separate claimants for the care and custody of said minor, none of whom is related, either by blood or by marriage, to the minor.

Said minor lived with Mercedes McDaniels, the petitioner, and F. L. McDaniels, intervener, for several years and was treated by them as if he were their natural child.

It would serve no useful purpose to review all the evidence introduced by respective claimants for the care, custody, and control of the minor herein, but in determining the care, custody, and control of said minor we shall look solely to its welfare.

The petitioner brought four separate suits at different times for divorce against her husband, F. L. McDaniels. Three of these were dismissed, but in the last suit brought by the plaintiff in the district court of Tulsa county, the defendant, F. L. McDaniels, filed an answer and cross-petition. Upon hearing in the last-named action the court denied plaintiff a divorce and granted the defendant a divorce upon his cross-petition.

The court ordered that the custody of the minor herein be placed in Mrs. Mabel Bassett, Commissioner of Charities and Corrections. We think the effect of that order was to bestow the temporary custody of said child in Mabel Bassett, Commissioner of Charities and Corrections. In this connection we think the welfare of the child can be the better served if the circumstances are such that its education, care, custody, and control may be provided for under the supervision of one who has a personal interest in the child and is financially able to properly care for and provide an education for it. The office of the Commissioner of Charities and Corrections is largely dependent for its support upon the varying policy of the Legislature.

The petitioner in this case sets up a judgment rendered in Texas, where it is shown that an attempt was made to adopt the minor. Without passing upon the validity of that proceeding, the said proceeding, if valid, could be no stronger than if the petitioner were the natural parent of the minor, and certainly if she were and still is an unfit and improper person to have the care, custody, and control of said child, the court would have the power to place its custody in the possession of another.

A review of the evidence taken before the Referee convinces us that the petitioner is not a fit or proper person to have the future welfare of the child herein placed in her care, and it is shown by the evidence that petitioner possesses a nomadic disposition; that during the time that the marriage relation existed between her and her husband she was away from home a very large portion of the time; that she stopped at various hotels; that she formed clandestine relations with certain men, as shown by letters in evidence; that a certain witness refused to testify in the case wherein it appears that said witness and the petitioner were registered as man and wife at a certain hotel in Texas—said witness claimed exemption for the reason that it was incriminating. In addition to this, there are other circumstances in evidence which tend to show that the petitioner is in no manner fitted to have the custody of this minor.

Mrs. L. L. Baulme has been made an intervener in this action and she asks for the custody of said minor. Mrs. Baulme is now at the age of 66 years and the minor's age is fixed at six years; therefore, when the minor shall have reached the age of 20 years, and should Mrs. Baulme then be alive, she would then have reached the age of 80 years, and in a very large measure would be unable to direct and assist the minor in its course of affairs.

F. L. McDaniels, one of the interveners herein, states:

"This intervener is a man of the age of 48 years, having a responsible position with the Turman Oil Company, as its general superintendent of production, and receives a salary of $12,000 a year; that besides his mother he has no dependents and is financially well able to provide for, and will provide for, the care, education, support,

maintenance of said child, in the best possible way, and to the best interest of said child.

"That he will, if awarded the custody of said child, give him a full education, including a university course, will make him his sole heir at law by adoption proceedings, and will dedicate the remainder of his life to the education and improvement of said child."

It is apparent to us that F. L. McDaniels is a qualified business man and enjoys the confidence of his employers and of the public and that he is fully financially able and is willing to furnish the minor herein the means to attain for the minor an educational course in the common schools and thereafter a course in the University.

In the case of Ex parte Shull, 127 Okla. 253, 260 Pac. 775, this court said:

"In an action between parties for the care, custody and control of minor children, the best interest and general welfare of such minors are the chief elements to be considered in determining their custody."

This court having thoroughly examined all of the evidence introduced in this case, together with the claims of the respective claimants for the possession of the minor herein, we are fully convinced that the best interest and welfare of this minor will be better served by placing it in the care, custody, and control of a person who has the confidence and respect of society and who is able to meet all the necessary expenses in the support, care, and education of the minor.

F. L. McDaniels has offered to adopt said minor and make him his legal heir. We think, in justice to the minor, that said F. L. McDaniels should institute adoption proceedings at once in the proper court and have the adoption fully consummated to the end that this child shall have the fullest protection during its minority. It is, therefore, adjudged and decreed that the intervener, F. L. McDaniels, have the care, custody, control, and the education of Fred McDaniels, Jr., until further orders of this court.

It is further ordered that Mercedes McDaniels be permitted to visit said minor at reasonable hours and duration of time.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur., CLARK, J., not participating. MASON, C. J., and RILEY and HUNT, JJ., absent.