## PHELPS v. YOUNG et ux.

No. 20031. Opinion Filed May 26, 1931.

E. Robitaille, for plaintiff in error.

Wallace & Wallace, for defendants in error.

HEFNER, J. This is an application for a writ of habeas corpus originally brought in the district court of Creek county by Frances Phelps against O. D. Young and Mrs. O. D. Young, to obtain custody of her minor child. Respondents answered claiming right to the custody of the child by virtue of a decree of adoption rendered in the county court on the 5th day of August, 1924. The trial court denied the writ.

Petitioner contends that the judgment is erroneous for the reason that the judgment of adoption rendered by the trial court is void; that under section 8050, C. O. S. 1921, her written consent was required in order to confer jurisdiction upon the court to ender judgment adopting the child. The record shows upon its face that this section of the statute was complied with and that petitioner gave her consent to the adoption of the child by respondents. Petitioner, however, seeks to impeach this record by showing that her consent was obtained by duress; that she was induced to consent thereto by threats of her mother and that unless she did so she would never be permitted to see the child. In our opinion the record cannot be impeached in this manner. The judgment is not void upon its face. If her allegations of duress were true, the judgment would be voidable, not void. It therefore cannot be collaterally attacked on that ground. The court on the face of the record had jurisdiction to enter the judgment. Since this is true, the question sought to be raised by petitioner cannot be raised in a habeas corpus proceeding.

In the case of Ex parte Waldock, 142 Okla. 258, 286 Pac. 765, this court announced the following rule:

"Upon an application for a writ of habeas corpus, the court will examine only the power and authority of the trial court to act. If the trial court had jurisdiction of the subject-matter and of the person of the petitioner, and had jurisdiction to render the particular judgment, the writ will not issue."

It has also been repeatedly held by this court, in order that a judgment may be collaterally attacked on the ground that it is void, the invalidity thereof must appear upon the face of the record. This rule applies to a proceeding adopting a minor child. 1 R. C. L. 626. The judgment not being void upon its face, the trial court properly held that it could not be collaterally attacked.

Respondents further contend that the judgment should be affirmed for the reason that it clearly appears from the evidence that the best interest of the child demand that she remain in their custody. We agree with this contention. In the case of Ex parte McDaniels, 144 Okla. 65, 289 Pac. 704, this court said:

"In an action between parties for the care, custody, control, and education of a minor, the best interest and general welfare of such minor are the chief elements to be considered in determining its custody."

Under this authority, even though we should hold the adoption proceedings void, we would not be justified in reversing the judgment. It is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.