## No. 16,511.

### KUBAT *v.* KUBAT.
(238 P. [2d] 897)

Decided November 26, 1951.

Mr. George A. Luxford, Mr. William Alan Bryans, for plaintiff in error.

Mr. Richard H. Simon, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The parties are before us in the same order as in the trial court.

At the time of the marriage of plaintiff and defendant, September 21, 1944, defendant was a widow with two minor children of the ages of five and three years. On May 8, 1945, as husband and wife, they petitioned the county court of Arapahoe county for, and were granted, adoption of the children. In January of 1947, defendant in error filed an action for divorce in the district court of Arapahoe county on the grounds of extreme and repeated acts of cruelty. Plaintiff in error here, filed an answer and cross complaint seeking a divorce on the grounds of cruelty and alleged that the adoption of the children were obtained under the promise of defendant that she would assist in properly caring for the children; that she had not kept this promise; and thereby sought an order relieving himself of the further responsibility of support of the minor children. On motion, the allegations of the answer and cross complaint concerning the matter of the adoption were stricken. The grounds of the motion were that the matter sought to be stricken was irrelevant, redundant and immaterial and that the defendant was seeking to set aside a decree of adoption by collateral attack. The issues as finally made up were submitted to a jury on December 17, 1947, which returned its verdict finding defendant, plaintiff in error here, guilty of mental cruelty and plaintiff, defendant in error here, not guilty of cruelty. An interlocutory decree

was signed December 18, 1947, in which the custody of the minor children was awarded to the plaintiff, defendant in error here. On writ of error, this decree and judgment was affirmed by this court in case No. 16076, *Kubat v. Kubat,* 120 Colo. 590, on November 14, 1949.

On January 9, 1950, plaintiff in error petitioned the county court of Arapahoe county, the court of adoption, to have the decree of adoption heretofore mentioned, revoked and set aside on the ground of fraudulent inducement on the part of defendant in error, in effect being that, prior to the marriage, defendant in error told him that if he would agree to, and would, adopt the minor children, she would enter into matrimony with him and would be a true and faithful wife and remain with him as such wife and aid in the rearing of said children; that in full reliance of such promise, he entered into the marriage relation and joined in the filing of the petition for adoption of the minor children; that at the time defendant in error made these representations to him, she knew that the representations were false and that thereby, she fraudulently and maliciously induced plaintiff in error to marry her and to adopt the minor children. Three motions were filed by defendant, defendant in error here: (1) to disqualify the county judge because he was one and the same judge who presided in the adoption matter, and that he would be called as a witness in the present proceeding; (2) to strike parts and portions of the petition relating to the allegations of misrepresentation and fraud concerning the adoption of the children because said matters were immaterial and irrelevant to the issues in this case, and for the further reason that all said matters sought to be stricken had been judicially determined in the divorce action, hereinbefore referred to; (3) to dismiss the petition because it failed to state a claim upon which relief could be granted, and the further ground of laches.

The motion to disqualify was granted and Judge Christian D. Stoner of the county court of Jefferson county,

Colorado, was called to preside, and on March 10, 1950, after arguments on the motions, the motions to strike and to dismiss were granted.

To reverse the judgment entered on these motions, plaintiff in error specifies four points: Error in striking parts of the petition; sustaining the motion to disqualify; not making findings of fact or conclusions of law; and in dismissing the petition.

 There is nothing in the motion to disqualify the trial judge that meets the requirements of Rule 97, R. C.P., Colo., because there is no showing that, "he is interested or prejudiced, or is related to or has been of counsel for any party, or is related to counsel for any party." The suggestion in the motion that he would "undoubtedly" be called as a witness was not ground for disqualification, since, as here, in a matter of adoption proceedings the judge who entered the adoption decree had a continuing jurisdiction and was the proper one to review or consider that judgment or decree when it was attacked upon the ground that it was entered as a result of fraud practiced upon one of the petitioners therein. Such attack indicated at least a fraud upon the court. The interest of a judge upon which he may disqualify himself must necessarily relate to the subject matter of the litigation, or be of a pecuniary interest in the outcome of the litigation, and not as it might relate to a determination of the facts and legal questions presented. Primarily, it is the duty of a judge to sit in a case in the absence of a showing that he is disqualified. In compliance with the rules, there should be a supporting affidavit to the motion to disqualify. There was none shown in the abstract of record. So far as the record discloses, when the trial judge apparently deemed it advisable to call another judge, the parties agreeably selected the judge who later presided, and the record is silent as to any objections to the succeeding judge, or to proceeding with the hearings in the case. Under these circumstances, we see no prejudicial or reversible error in this connection.

■ ■ The motion to strike certain allegations of the petition "for the further reason that all of said matters sought to be stricken have been heretofore judicially determined against Vencle Kubat and in favor of Helen Elizabeth Kubat * * *," was erroneously sustained. This left the petition lacking in any semblance of a claim upon which the relief sought could be granted. The error in dismissing the petition was superinduced by the error in granting the motion to strike. An examination of the record in the divorce action, which was before us in case No. 16076, supra, of this court, discloses that these matters were not determined or adjudicated by the jury's verdict in that case because all of this matter was stricken from the answer and counterclaim in the divorce matter on the ground that defendant in the divorce action was seeking to set aside a decree of adoption by a collateral attack, all in accordance with the motion of plaintiff, defendant in error here. The allegations in the answer in the divorce action as to this particular fraud and misrepresentation and the failure to perform the promises made might properly have been considered in the broad field of evidence as to mental cruelty; however, the prayer of the answer and cross complaint to the end that defendant be relieved of the conditions of the adoption decree, were not matters to be settled in a divorce action, but to be determined in a direct action in the court of adoption.

It is to be noted that this attempted defense of prior adjudication was not affirmatively set up as a separate defense under Rule 8, R.C.P. Colo., but was presented by a motion. It is apparent that the trial court accepted the averments of the motion as proof of such averments and erroneously sustained the motion to strike. Whether or not these allegations are sufficient as the basis of an action to set aside the decree of adoption, we are not here called upon to determine.

For the reasons above set out, the judgment should be, and is, reversed and the cause remanded with directions

to reinstate the petition as originally filed, and that the parties may proceed thereunder in the light of the determinations herein made.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE CLARK dissent.