JILLIAN BURDICK *v.* CHARLES W. BURDICK, JR.

SUPERIOR COURT        TOLLAND COUNTY         FILE NO. 6763

Memorandum filed November 1, 1955.

*James F. Rosen,* of New Haven, for the plaintiff.

*Bernard W. Ackerman,* of Rockville, for the defendant.

ROBERTS, J. The application in this action for the writ of habeas corpus was made pursuant to § 2411c of the 1953 Supplement to the General Statutes. In said application it is alleged that a minor child born to the plaintiff and defendant, Charles William Burdick III, is now in the custody and control of the defendant. The plaintiff seeks to have this court make an order concerning the custody of said minor child.

The defendant, who specially appears by attorney for the purpose, pleads in abatement, claiming this court has no jurisdiction in this action, and assigns several reasons therefor. An answer to said plea in abatement having been filed, the court heard evidence concerning the several matters alleged in the plea in abatement.

The court will not consider in this memorandum the allegations contained in paragraphs 2, 3, 4, 5 and 7 of the plea in abatement, because a decision based on the allegations contained in paragraphs 1 and 6 disposes of the matter. It thus becomes unnecessary for the court to pass upon the proceedings had in Rhode Island concerning custody.

Section 2411c provides in part "An application for a writ of habeas corpus may be made to the superior court . . . in the county wherein the person whose custody is in question is claimed to be illegally confined or deprived of his liberty." The person whose custody is in question in this action is Charles William Burdick III. From the evidence, there can be no question that said child did not personally reside within Tolland County in the state of Connecticut at the time, or before, the application for the writ was made and the papers served. He may have been within this county for short visits at times. This finding that the child did not personally reside in the county is made from all the evidence in the case, even in spite of any statements to the contrary made in letters or orally by the defendant to the plaintiff.

Counsel for the plaintiff actually recognized this fact in oral argument and also in written brief, in which latter it is stated "and more specifically in support of her contention that the Court has jurisdiction in the matter notwithstanding the absence of the child from this State, either now or during the interval in question." Nevertheless plaintiff's counsel contend that this court still has jurisdiction to pass upon the custody of the child, because it is claimed that the court has jurisdiction over the defendant as the person having control of the child. A number of cases are cited which it is claimed support this contention.

In *Rivers* v. *Mitchell*, 57 Iowa 193, 194, cited in plaintiff's brief, it is to be noted in passing that the

statute varies from our statute, in one respect at least, wherein it is provided that the petition be brought "to the court or judge most convenient in point of distance to the applicant" and the person restrained is regarded as the applicant. The plaintiff also cites a number of New York cases, one being *People ex rel. Billotti* v. *New York Juvenile Asylum,* 57 App. Div. 383. In that case the children in question had been previously committed to the custody of the defendant by a New York court and later the defendant bound the children out to persons in Illinois. In that case the court actually had jurisdiction over both of the parties to the action. In the instant case the defendant has not entered a general appearance in this court and submitted himself to the jurisdiction thereof, but rather has entered by a special appearance claiming that the court has no jurisdiction over him. This latter comment also holds true in other cases cited by the plaintiff, such as *Stephens* v. *Stephens,* 53 Idaho 427; *Anderson* v. *Anderson,* 74 W. Va. 124; *State ex rel. Shoemaker* v. *Hall,* 257 S.W. 1047 (Mo. Sup. Ct.), where it appears the court had jurisdiction over both of the parties. *Fagan* v. *Fagan,* 131 Conn. 688, was also a situation where both parties were under the jurisdiction of the Connecticut court and the custody order was apparently made as incident to the divorce.

Whether the above contention would avail the plaintiff, even if the court had jurisdiction over the defendant, on the factual situation in the instant case as to the personal residence of the child the court would doubt in view of the wording of the above cited Connecticut statute concerning habeas corpus. Even in the case of *Boardman* v. *Boardman,* 135 Conn. 124, a habeas corpus proceeding, wherein the majority opinion held that the Connecticut court had jurisdiction and that the child by derivation from his mother was domiciled in Connecticut, the facts

disclose that the child was actually residing and living in Connecticut with his mother. The child in the instant case, as pointed out above, is not actually living in Connecticut, but rather in Rhode Island. The court also says in the *Boardman* case (p. 138): "Under our laws, habeas corpus lies to determine the custody of a child, at least if he is domiciled in this state."

But be that as it may, the court cannot find from a consideration of all the evidence in the case that it has jurisdiction over the defendant father. It is not necessary within the confines of this memorandum to recite all the items of evidence by which this conclusion is reached, some of which in brief are, voting residence in Rhode Island, operator's license issued in Rhode Island, automobile registration in Rhode Island, personal property taxation of automobile in Providence, and nonresident registration at the University of Connecticut, together with other evidence. This conclusion is reached in spite of the statements to the contrary made in letters and otherwise to the plaintiff and others, to which reference has previously been made. The defendant as a witness stated that these statements were not truthful and were made for the purpose of deceiving the plaintiff. This was reprehensible. However, this court cannot base jurisdiction on admittedly false statements.

The plea in abatement is sustained for reasons 1 and 6 and the writ is vacated and dismissed.