No. 17,922.

WILLIAM H. FEHR, ET AL. *v.* JOHN M. HADDEN, ET AL.
(300 P. [2d] 533)

Decided July 30, 1956.

Mr. A. E. SMALL, for plaintiffs in error.

Messrs. HENRY & ADAMS, for defendants in error.

*En Banc.*

MR. JUSTICE SPARKS delivered the opinion of the Court.

THE parties appear here in the order in which they appeared in the trial court. We will refer to the plaintiffs in error collectively as plaintiffs, and to the defendants in error collectively as defendants, except defendant in error The Consolidated Mutual Water Company, which will be referred to as the Company.

This action was originally commenced in the district court of the City and County of Denver, but on defendants' motion for change of venue was transferred to the district court of Jefferson County. In the latter court an amended complaint was filed, and the plaintiffs moved to have the presiding judge disqualified on the grounds of prejudice. Defendants moved for a dismissal of the complaint on the grounds that it failed to state a cause of action.

The plaintiffs' motion for disqualification of the presiding judge was denied. The defendants' motion, however, for dismissal of the case was granted. Plaintiffs are now in this Court urging that the rulings on both motions were in error.

The record discloses that plaintiffs are stockholders in the defendant company. The individual defendants are directors of the company. The company itself is a mutual non-profit corporation organized under the laws of this State for the purpose of acquiring and distributing water for domestic purposes to the inhabitants of Jefferson County. All water users are required to own stock in the company.

The complaint alleges that the company held its annual stockholders' meeting on June 21, 1955, for the purpose of electing directors and for the additional purpose of voting upon a resolution authorizing the issuance of bonds. At this meeting directors were elected and the bond issue was authorized. The complaint urges that both the election of directors and the bond resolution be held invalid for the following reasons:

(1) That certain record stock owners allowed to vote by proxy were contractors and builders and therefore not bona fide stockholders.

(2) That certain record stockholders were not bona fide *equitable* owners of stock voted because of existing contracts of sale for the stock.

The first contention is based on the premise that building contractors will eventually dispose of their stock to home buyers, and for this reason the contractors are not bona fide stockholders. Plaintiffs admit that the stock was properly issued for a valuable consideration and for a proper purpose. They state in effect that these building contractors are bona fide stockholders, but that, on the other hand, their holdings are not bona fide for voting purposes. The distinction, if there is one, escapes us. These contractors were stockholders of record at the time of the annual meeting. We know of no case, nor has any been brought to our attention, where a stockholder was refused the right to vote because at some time in the future he intended to dispose of his stock. C.R.S. '53, 31-2-7, provides as follows:

"Except as otherwise provided in the articles of incorporation of any corporation organized and existing under and by virtue of the laws of the State of Colorado, every shareholder of record shall have the right at every shareholders' meeting to vote one vote for every share standing in his name on the books of the corporation."

Since it does not appear that the articles of incorporation of the defendant company otherwise provide, we must hold that the foregoing statutory provision is de-

terminative, and that the stock questioned by the plaintiffs was properly voted.

■ The plaintiffs' second contention that certain stockholders were not bona fide equitable holders of stock voted is disposed of by C.R.S. '53, 31-9-3, as follows:

"Nothing in this article shall be construed as forbidding a corporation;

"(1) To recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner, * * *."

C.R.S. '53, 31-9-21, further provides as follows:

"(1) In this article, unless the context of subject matter otherwise requires:

\* \* \*

"(i) 'Title' means legal title and does not include a merely equitable or beneficial ownership or interest." We are unable to perceive how the legislature could have spoken more clearly upon the subject of corporate voting rights. The plaintiffs' argument that only equitable owners are entitled to vote is without merit.

In summing up the plaintiffs' case, we quote with approval from the case of *Commonwealth v. Dalzell*, 152 Pa. 217, 25 A. 535:

"Our recent reports show a number of appeals to the equitable powers of the court, not only to decide questions of voting rights, but to take entire charge of corporate elections. * * * Corporation elections cannot be stopped to settle nice questions of legal title, and it is important to the interests of the corporation that their elections should proceed under their own rules, and with their own officers * * *."

The last question to be disposed of is whether or not the trial court properly overruled the plaintiffs' motion for disqualification of the presiding judge on the grounds of prejudice. In support of their motion for disqualification, the plaintiffs testified that the judge was prejudiced by reason of the fact "that the defendants in this case

are both socially and politically influential in our county," and that the trial judge was a water user of the defendant company.

Neither argument has any merit. Court litigants are often socially and politically prominent. On this showing alone we cannot perceive any reason why the orderly process of justice should be interrupted. Likewise, the fact that the presiding judge obtained domestic water from ·the defendant company presents no sound basis for his disqualification. The company is a mutual non-profit corporation. No pecuniary advantage could possibly accrue to the trial court by his affirmance of the bond issue. As a matter of fact, the contrary is true since the passage of the bond issue would create an indebtedness which the trial judge would share in common with other stockholders.

Since there was nothing presented in support of the motion which meets the requirements for disqualification of a judge, namely, that he be interested or prejudiced, or related to counsel for any party, or has been counsel for or related to any party, as required by Rule 97, R.C.P. Colo., the motion to disqualify was properly overruled. See, *Kubat v. Kubat,* 124 Colo. 491, 238 P. (2d) 897.

For the reasons herein expressed the judgment of the trial court is affirmed.