Clyde LAFFOON and Jean Laffoon,
Plaintiffs in Error,

v.

William HAYDEN and Flo Hayden,
Defendants in Error.

No. 38368.

Supreme Court of Oklahoma.

Feb. 24, 1959.

Supplemental Opinion and Rehearing Denied
April 7, 1959.

Melton, McElroy & Vaughn, Chickasha, for plaintiffs in error.

C. D. Van Dyck, Jr., Chickasha, for defendants in error.

Gomer Smith, Jr., Claude E. Love, Thomas S. Williams, James W. Shepherd and Gus Rinehart, Oklahoma City, amici curiae.

WELCH, Justice.

This action was filed by plaintiffs in district court of Grady County, Oklahoma, to set aside and vacate an order of adoption, for a writ of Habeas Corpus, ordering and directing defendants to produce in open court the two minor children of plaintiffs, and for possession and custody of said children to be given plaintiffs by order of the court.

A special appearance and denial of jurisdiction was filed by defendants, alleging that said children were non-residents of this state, and were not within the county of Grady, State of Oklahoma, at the time of the service of summons upon the defendants herein; that the court does not have jurisdiction to set aside and vacate the decree of adoption, nor authority or jurisdiction to interfere with or make any change in the custody of the children.

The trial court sustained defendants' plea to the jurisdiction. Plaintiffs appeal from said judgment.

We are therefore confronted with determining whether the court below was vested with jurisdiction.

Plaintiffs allege in their petition that they were married May 7, 1952; that as to the children involved herein, Terri Lynne Laffoon was born to them in 1953, and Gary Lee Laffoon was born in 1955; that they were divorced by a decree of the district court of Grady County May 25, 1955, and re-married in August, 1956. That a purported decree of adoption was entered by the county court of Grady County, Oklahoma, March 14, 1956; that in the divorce decree Jean Laffoon, the mother, was granted custody of the children, and at that time Clyde Laffoon was in the military service, and later the custody was changed to the father, Clyde Laffoon. That during a portion of the time from the birth of the children the defendants had helped plaintiffs take care of them for the reason that the father, Clyde Laffoon, was in the military service, and the mother, Jean Laffoon, was employed. However, the defendants were at all times paid for their services.

That at about the time the custody of the children was changed from the mother to the father, the defendants informed Jean Laffoon that her husband was going to remove the children from jurisdiction of the court, and then informed Clyde Laffoon that his wife Jean Laffoon was unfit to care for the children, and made other representations to each of the plaintiffs in the absence of the other, thereby inciting one against the other. They represented to each that if they would consent to defendants' adoption of the said children, they would be in good hands and that the adoption would prevent either of plaintiffs from absconding with the children, and that they would take an adoption decree only for convenience of protecting plaintiffs against each other; that the plaintiffs could continue to enjoy the children and treat them as their own. That these statements were false at the time made and defendants refused these privileges immediately after the adoption. It is further alleged in petition that at the time the consent was obtained through the misrepresentations above set forth, the plaintiffs were under mental strain as a result of the divorce proceedings and the father being in the military service. That this was a fraud, since the plaintiffs did not give their voluntary consent for adoption, and would not have given it had they understood the consequences, and had it not been for these misrepresentations by the defendants.

■ Since the order sustaining defendants' plea to jurisdiction does not state reasons upon which order was based, we must assume that it could have been for all of the reasons set forth in plea, or any one of them.

Therefore we will first discuss the contention by defendants that trial court was without jurisdiction for the reason that said minor children were non-residents of the state at the time service was had upon defendants within Grady County.

■ Upon examination of the transcript it is observed from the summons issued to the sheriff of Grady County by the court clerk of that county that this command was made: "You are hereby commanded to notify defendants William Hayden and Flo Hayden (Minco, Oklahoma) * * *" The return of summons reveals that it was served upon both defendants the day it was issued. There is no allegation in the plea by defendants that they were not residents of Grady County, Oklahoma, at the time the summons was served upon them. Therefore we must assume that the place of residence of the defendants was Minco, Grady County, Oklahoma. These children were born in 1953 and 1955 respectively, and this summons was served on November 19, 1956. It would be unnatural and unreasonable that children of the ages of one and three years respectively would maintain their residence in one state, while their adoptive parents resided in another. It would be just as unreasonable for us to assume that the trial court based its order upon such a theory.

However, it has been held:

"In habeas corpus proceedings to recover the custody of a child the mere fact that such child is, at the time of the petition, in a foreign jurisdiction, will not deprive the court of jurisdiction, nor be sufficient excuse for not producing it in obedience to the writ. The important question is, where is the power of control exercised?. If by the respondent before the court, he may be required to produce the child and be punished for his failure." Rivers v. Mitchell, 57 Iowa 193, 10 N.W. 626; 39 C.J.S. Habeas Corpus § 54, p. 598.

In the case of Crowell v. Crowell, 190 Ga. 501, 9 S.E.2d 628, the court said:

"Jurisdiction of a habeas corpus case brought by the father against the mother to obtain the custody of a child of four years, the mother residing in Fulton County, may be exercised by the judge of the superior court of that county, although at the time of the issuance of the writ the child was in another county, the mother never having given up its custody or control."

"An adopted minor child has the same domicile as that of the adoptive parent." Restatement, Conflict of Laws, Sec. 35.

This adoption proceedings was had prior to the adoption of the Uniform Adoption Laws 1957, page 26, at least as to the statute found applicable. This court has held in In re Hughes, 88 Okl. 257, 213 P. 79, that:

"There is no specific statute providing for appeals to the Supreme Court from the action of the county court in adoption proceedings.

"An order of the county court permitting the adoption of an infant child is conclusive, so far as that court is concerned. Such court has no further jurisdiction in the matter.

"The adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation."

█ The following rule is announced in 2 C.J.S. Adoption of Children § 45(b), p. 434:

"Fraud or Undue Influence.

"An adoption decree obtained by fraud or undue influence may be set aside.

"An adoption decree may be revoked or set aside where it was procured by fraud or misrepresentation, or where, through the use of undue influence, the consent of necessary parties was obtained."

And in a later sentence it is stated that the fraudulent gaining of the consent of the natural parent to the adoption has been held sufficient to warrant a court in setting aside the adoption order, citing Westendorf v. Westendorf, 187 Iowa 659, 174 N.W. 359, and Williams v. Briley, 137 Wash. 262, 242 P. 370.

This rule is stated in 2 C.J.S. Adoption of Children § 32, p. 413:

"c. Review

"In the absence of statutory provision therefor, there can be no direct appeal from an order of adoption, although a review may be had by other methods, such as by habeas corpus.

"In the absence of a specific statutory provision providing therefor, there is no right to appeal from an order of adoption, although the validity of an adoption may be tested in several ways. One of the commonest, in the absence of a provision in the statute for appeal, is by a habeas corpus proceeding, but it may also be brought on for determination in other ways, such as an issue of status on the probate of a will, or by proceedings for the confirmation of, or to set aside, the adoption. Habeas corpus has been held to be unavailable however, where defendant for

a period of six years and with the knowledge of the parent-plaintiff had been without the custody of the child."

In the case of Kubat v. Kubat, 124 Colo. 491, 238 P.2d 897, it was held:

"An attack upon an adoption decree on the ground it was entered as a result of fraud practiced upon one of the petitioners in the proceedings indicated at least a fraud upon the court."

In the case of Arnold v. Howell, 98 Cal.App.2d 202, 219 P.2d 854, 855, the court held:

"'Fraud' includes all surprise, trick, cunning, dissembling, and unfair ways by which another than person guilty thereof is deceived."

In this case the court also held:

"Where parent's consent to minor child's adoption is obtained through fraud, duress, or other overreaching practices of adopting parents or others, jurisdiction prerequisite to valid adoption is lacking, and adoption decree is open to collateral, as well as direct, attack."

"A natural parent, whose consent to minor child's adoption is obtained through fraud, duress or mistake, is entitled to have adoption decree set aside on such grounds."

▮ We are satisfied that the natural parents of these children were entitled to seek relief in the district court in this timely action which is an action to revoke, vacate and set aside this adoption and the adoption order on account of the fraud alleged in plaintiff's petition, coupled with an action in the nature of habeas corpus.

Therefore, we are of the opinion, and so hold, that the trial court was in error in sustaining plea to the jurisdiction, and said judgment is therefore reversed and the cause is remanded with directions to deny defendants' plea to the jurisdiction and to proceed in due course to hearing and trial in accordance with the views expressed herein.

Reversed and remanded.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

IRWIN, J., dissents.

Supplemental Opinion on Rehearing.

JACKSON, Justice.

Since it appears in Petition for Rehearing that the defendants have misconstrued our opinion herein, we think it desirable to distinguish this case from Phelps v. Young, 149 Okl. 120, 299 P. 461. In that case the relief sought was habeas corpus and custody, and nothing more. We held that an attack upon the validity of an adoption in a habeas corpus proceeding would constitute a collateral attack, which cannot be done, unless the adoption is void on the face of the record. In 2 C.J.S. Adoption of Children § 50a, page 440, the author states:

"*An attack* made upon a decree of adoption in any proceeding *other than* a direct appeal or *a petition to set aside the adoption is a collateral attack. Thus,* for example, *an adoption decree is attacked collaterally where its validity is questioned* in a will contest, *a habeas corpus proceeding,* an action to determine title to land, and an application for letters of guardianship." (Emphasis ours.)

In the case now before us the plaintiffs allege in their First Amended Petition that the adoption decree is void because their consent to the adoption was procured by fraud. They pray that the adoption decree be vacated and set aside. They then pray, in effect, that when the adoption decree is vacated the court issue a writ of habeas corpus and that custody be given to plaintiffs. They apparently predicate their right to habeas corpus and custody upon a finding and judgment that the adoption decree was void, and that they would not be entitled to habeas corpus unless, and until, the court vacates the adoption proceeding. The prayer for habeas

corpus therein appears to be upon the theory that habeas corpus is the machinery or vehicle through which the court may take charge of the children and change the custody after it first finds that the adoption decree is void. It is upon these considerations that we have concluded that the Amended Petition herein is not an action in habeas corpus but an action to set aside and vacate the adoption proceedings.

In 2 A.L.R.2d at page 890, in an annotation dealing with annulment or vacation of adoption decree, the author states:

"The power of a court of general equitable jurisdiction to annul, vacate, or set aside an order of adoption under proper circumstances seems to be generally conceded, and has not been questioned in any of the cases discussed herein; and in fact, in some cases the courts have emphasized the powers of a court of equity in adoption matters."

In Zupancis v. Zupancis, 107 Colo. 323, 111 P.2d 1063, the court recognized in the first paragraph of the syllabus that the validity of an adoption proceeding might be questioned in a petition to set aside the adoption, but that any other attack thereon (other than an appeal) would constitute a collateral attack.

It is asserted in Petition for Rehearing that if this adoption is going to be reviewed it should be reviewed by the County Court of Grady County, where the adoption was completed and the facts are well known to that court. We observe that the issue presented to us is whether the District Court has jurisdiction to hear plaintiffs' amended petition, and not whether it would have been more desirable to review the adoption proceeding in the County Court. In our opinion herein we noted that an order of the County Court permitting an adoption is conclusive upon that court, and that the County Court has no further jurisdiction in the matter. Citing In re Hughes, 88 Okl. 257, 213 P. 79.

Our original opinion is affirmed and rehearing is denied.