**WOOD BROS. HOMES, INC., a Delaware corporation, Plaintiff-Appellant,**

v.

**The CITY OF FORT COLLINS, Colorado, a Municipal corporation, Defendant-Appellee.**

**No. 81CA0013.**

Colorado Court of Appeals, Div. I.

March 31, 1983.

Rehearing Denied April 28, 1983.

Certiorari Denied Sept. 26, 1983.

George Alan Holley & Associates, Scott D. Albertson, Golden, for plaintiff-appellant.

March, Myatt, Korb, Carroll & Brandes, Mark L. Korb, Fort Collins, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Wood Brothers Homes, Inc., appeals a judgment in favor of defendant, City of Fort Collins, following a trial to the court on issues arising out of a subdivision developed by plaintiff in Fort Collins. We reverse.

Prior to the trial court's entry of its written findings of fact and conclusions of law, counsel for plaintiff filed a motion pursuant to C.R.C.P. 97 for disqualification of the trial judge. The motion was supported by an affidavit which alleged, *inter alia*, that the trial judge, before appointment to the bench, was a member of the Fort Collins Planning and Zoning Commission (the Commission) during the period when one of the plats which forms the basis of this dispute was considered and reviewed by the Commission. The affidavit further alleged that,

at the time the suit was initiated, the trial judge, as a member of the Commission, was involved in the decision-making regarding actions being challenged by plaintiff in the instant case. The trial judge denied plaintiff's motion, on the basis that he had no recollection of plaintiff's matters before the Commission.

Plaintiff contends that the denial of its motion for disqualification was erroneous. We agree.

C.R.C.P. 97 provides in part:

"A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein."

The purpose of this rule is to ensure a fair and impartial hearing of the issues involved. *Board of County Commissioners v. Blanning,* 29 Colo.App. 61, 479 P.2d 404 (1970). In order to effectuate this purpose, it is required that the interest of the judge must relate to the subject matter of the litigation. *Kubat v. Kubat,* 124 Colo. 491, 238 P.2d 897 (1951).

Here, according to the affidavit, the trial judge served on the Commission between June 1976 and May 1978. During that time period, the Commission reviewed Woodwest Filing No. 6, a plat upon which the City eventually imposed certain conditions for approval which are contested herein in plaintiff's first claim for relief. Moreover, all of plaintiff's claims for relief challenge various actions, agreements, and ordinances of defendant which were undertaken, adopted, or enforced against plaintiff during the period in which the trial judge served on the Commission, an agency of defendant.

The Code of Judicial Conduct Canon 3(C)(1), provides in part that: "[A] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . . ." The commentary to that section reiterates that viewpoint:

"[A] judge formerly employed by a government agency . . . should disqualify himself in a proceeding if his impartiality might reasonably be questioned because of such association."

While we find no evidence of partiality, we conclude that because of the trial judge's prior association with the Commission, one might reasonably question his impartiality so as to render it improper for him to have presided over the trial in this case. C.R. C.P. 97.

Even if the judge's impartiality could not be reasonably questioned, we still have a situation which creates the appearance of impropriety, which precludes the judge from sitting on this case. *See* Code of Judicial Conduct, Canon 2. This conclusion is consistent with the view expressed by our Supreme Court in *People v. District Court,* 192 Colo. 503, 560 P.2d 828 (1977) (*quoting Nordloh v. Packard,* 45 Colo. 515, 101 P. 787 (1909)):

"Courts must meticulously avoid any appearance of partiality, nor merely to secure the confidence of the litigants immediately involved, but 'to retain public respect and secure willing and ready obedience to their judgments.' "

Because of our resolution of this issue, it is unnecessary to consider plaintiff's other assignments of error.

The judgment is reversed and the cause remanded to the trial court for reassignment pursuant to C.R.C.P. 97 and for subsequent retrial.

VAN CISE and STERNBERG, JJ., concur.