The TELLURIDE LODGE ASSOCIA-
TION, a non-profit corporation,
Plaintiff-Appellee and Cross-Appellant,

v.

Joseph T. ZOLINE, Howard V. More, and
Edwin W. Pauley, Jr., Defendants-Ap-
pellants and Cross-Appellees.

No. 83CA0999.

Colorado Court of Appeals,
Div. I.

Decided Jan. 10, 1985.

As Modified on Denial of Rehearings
March 14, 1985.

Certiorari Granted Oct. 21, 1985.

Woodrow, Roushar & Weaver, Frank J. Woodrow, Montrose, Roath & Brega, P.C., Jack W. Berryhill, Denver, for plaintiff-appellee and cross-appellant.

Dufford, Waldeck, Ruland, Wise & Milburn, Joseph C. Coleman, Amanda D. Bailey, Grand Junction, for defendants-appellants and cross-appellees Joseph T. Zoline and Edwin W. Pauley, Jr.

Palmer & Farber, David A. Palmer, Grand Junction, for defendant-appellant and cross-appellee Howard V. More.

TURSI, Judge.

Defendants, Howard V. More, Joseph T. Zoline, and Edwin W. Pauley, Jr., appeal from a judgment of the trial court ordering them to pay certain assessments levied against their condominium units and authorizing plaintiff, The Telluride Lodge Association (association), to foreclose on liens against the units. The association cross-appeals the trial court's denial of its request for attorney fees. We affirm the judgment against the defendants, reverse the denial of attorney fees, and remand for further proceedings.

Defendants owned several units in the condominium complex governed by the association pursuant to the declaration creating the condominium. In 1977, the town of Telluride determined that the flat roofs on the buildings in the complex were unsafe because they were leaking severely and were unable to support heavy snow. The complex was ordered to be condemned unless repairs were effected.

At a meeting of the board of directors of the association, three different repair plans were reviewed. The defendants favored a plan which involved little alteration of the exterior of the roofs, but involved extensive visual and structural changes to the interior of each unit. The association elected a different plan calling for the construction and installation of pitched roofs over the flat roofs. This plan, however, eliminated certain clerestory windows in the unit.

The association assessed each unit owner an annual per unit fee to cover the cost of the repair and reconstruction. When defendants refused to pay this assessment, the association filed a notice of lien against defendants' units.

Defendants contend that the association had no authority to undertake the remodeling of the roofs over the objection of several unit owners. They argue that there is no common law authority for this action, citing *Rico Reduction & Mining Co. v. Musgrave*, 14 Colo. 79, 23 P. 458 (1890) for the rule that a co-tenant may not make improvements on jointly owned property without the consent of the other co-tenants. That rule is inapposite.

Here, the authority for the association to make repairs and improvements is vested in it by the declaration and the necessary consent of the condominium unit owners thereto is found in the declaration and the owners' acceptance of their deeds.

Section 9.1 of the declaration reads:

*The Common Elements.* The Association shall ... be responsible for the exclusive management, control, operation, maintenance, repair, payment of ... and improvement of the Common Elements and all improvements thereon ... and shall keep the same in good, clean, attractive and sanitary condition, order and repair.

Section 10.1 reads:

*Agreement to Pay Assessment.* [E]ach Owner of any Condominium Unit by the acceptance of a deed therefor, whether or not it be so expressed in the deed, shall be deemed to covenant and agree with each other and with the Association to pay to the Association monthly assessments made by the Association for the purposes provided in this Declaration, and special assessments for capital improvements and other matters as provided in this Declaration.

Defendants also contend that the trial court erred in finding that the association had the authority to make the improvements pursuant to these specified articles of the declaration. They argue that the pleadings and a pretrial order restricted the issue at trial to whether the association had authority under another article of the declaration. We disagree. It was stipulated in the pretrial order that "[t]he recorded declarations control the rights and obligations of the parties."

 Defendants argue that even if the association had authority under the declaration to construct the pitched roofs, the association's actions were nonetheless unreasonable. The court found that the association had consulted three qualified architects and made its decision to adopt the pitched roof plan in good faith. There being evidence to sustain these findings, we may not set them aside. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

 Defendants' next contention is that the association failed to comply with certain notice requirements of the declaration. Section 10.5 of the declaration requires that written notice of special assessments be provided each unit owner. Section 20.2 of the declaration requires that such notice be by registered or certified mail. Defendants claim that this notice requirement is part of the association's prima facie case, and that since the association failed to plead and prove such notice, the trial court should have dismissed the association's complaint.

Defendants cite *Daniel v. M.J. Development, Inc.,* 43 Colo.App. 92, 603 P.2d 947 (1979) for the proposition that a lien claimant has the burden of proving his right to a lien and that this burden includes the requirement of giving statutory notice. *Daniel* is not controlling here, however, because it deals with a *statutory* notice requirement to enforce a lien. Further, the notices required by this section were received into evidence without objection. Additionally, this issue was not raised by defendants in their pleadings or at the pretrial conference, and it was not within the issues framed in the pretrial order. Rather, defendants raised this issue for the first time on final argument. Thus, we conclude that the trial court did not err in restricting the trial to the issues preserved in the pretrial order. And, since defendants appeared and defended this action, they have shown no prejudice for any alleged procedural irregularity in the notice of the assessments. *See Cline v. City of Boulder,* 168 Colo. 112, 450 P.2d 335 (1969).

Defendants' final contention is that the trial judge should have disqualified himself because he "executed an agreement to purchase shares of stock in The Bank of Telluride representing control of said Bank" where the association was a customer of the Bank. Also, because the trial judge was a creditor in a bankruptcy proceeding in which one of the defendants' attorney's in this action was bankruptcy trustee, defendants claim he should be disqualified. We disagree.

 The record shows that prior to trial the judge did recuse himself because of his relationship with the bankruptcy trustee. Thereafter, the judge's claim in the bankruptcy proceeding was discharged.

Another district judge found that there was no longer any reason to continue the disqualification and reassigned the trial judge to the case. Any interest or prejudice resulting from the creditor-trustee relationship had terminated. We also find no merit in the defendant's contention that the judge's interest in a bank at which one of the parties was a customer is in itself sufficient grounds for disqualification. There is nothing to indicate a pecuniary advantage or disadvantage resulting to the trial judge depending on the outcome of the lawsuit. C.R.C.P. 97; *see Fehr v. Hadden,* 134 Colo. 102, 300 P.2d 533 (1956). Under the facts presented here it was not necessary for the trial judge to disqualify himself further.

█ The association cross-appeals the denial of attorney fees. Apparently the trial court denied the association's motion for fees without taking evidence or making any findings on whether the fees were reasonable or whether they should be allowed. Section 10.6 of the declaration requires the unit owner to pay the costs and expenses, and reasonable attorney fees incident to the association's filing an action to foreclose a lien. This provision was also recited in the stipulated facts of the pretrial order. Therefore, the trial court should have heard evidence and made a ruling whether the association was entitled to attorney fees and, if so, in what amount.

Accordingly, the judgment of the trial court as set forth in its findings, conclusions, and order, is affirmed; its denial of plaintiff's motion for attorney fees is reversed, and the cause is remanded for further proceedings on that motion.

PIERCE and VAN CISE, JJ., concur.